THE ERIE COUNTY SAVINGS BANK, Respondent, *v*. CAROLINE
E. COIT, Executrix, etc., Respondent.

Where a contract of guaranty is entered into concurrently with the prin-
cipal obligation, a consideration which supports the latter supports the
former; and the consideration need not be expressed in the guaranty,
but may be shown by parol.

Plaintiff held a bond and guaranty, delivered to it by the First National
Bank, to secure deposits, which the latter undertook to repay with
five per cent. interest. At the request of plaintiff said bank exe-
cuted to it a new bond which recited that it was executed in
consideration of deposits made, or that might be made, which
the obligor undertook to repay on demand, with interest at four
per cent. On the bond was indorsed a guaranty, the consideration
expressed therein being the making of the deposits mentioned in the
bond. Four days after the receipt of the new bond and guaranty the
others were surrendered. No deposits were made after the delivery of
the new bond and guaranty, and the bank failed about a month there-
after. In an action upon the guaranty, *held*, it was a legitimate
inference from the circumstances that the new bond was intended by
the parties as a substitute for the original one, and the surrender of
the latter was a good consideration for the guaranty; also, that it
was immaterial whether the guarantors knew or did not know that the
surrender of the old bond was in the contemplation of the parties when
they became guarantors.

Under the general act regulating the dealings and operations of savings
banks (§§ 27, 28, chap. 371, Laws of 1875), the fact that a savings bank
secures an agreement to pay interest from the bank with which it
makes a deposit authorized by said act, does not convert the deposit
into an unauthorized loan.

(Argued February 7, 1887 ; decided March 1, 1887.)

APPEAL from judgment of the General Term of the Superior
Court of the city of Buffalo, entered upon an order made June
8, 1885, which affirmed a judgment in favor of plaintiff, entered
upon a verdict.

This action was brought upon a guaranty executed by the
original defendants indorsed upon a bond executed by the
First National Bank of Buffalo.

The substance of the bond and guaranty and the material
facts are stated in the opinion.

*Daniel L. Lockwood* for appellant.   The defendants are not liable upon the contract of guaranty which is the subject of this action.   Its execution, etc., by them being without any consideration.   (*McLaren* v. *Watson*, 26 Wend. 435 ; *Westhead* v. *Sprosen*, 6 H. & N. 728 ; 23 Moak's Eng. Rep. 477 ; *Parker* v *Bradley*, 2 Hill, 584 ; *Vanderbilt* v. *Schreyer*, 91 N. Y. 399 ; *Pratt* v. *Hedden*, 121 Mass. 116 ; *Elliss* v. *Clark*, 110 id. 389 ; Brant on Suretyship, § 32 ; 11 Md. 322 ; De Colyar by Morgan, 179 ; *Halliday* v. *Hart*, 30 N. Y. 474.)   A valid agreement to forbear the collection of a debt may furnish a good consideration, but forbearance only cannot.   (*Manter* v. *Churchill*, 127 Mass. 31 ; *Sharpe* v. *Galbraith*, 32 Penn. St. 10 ; *Mecorne* v. *Stanley*, 8 Cush. 85 ; *Wood* v. *Turnicliff*, 74 N. Y. 38 ; *Hopkins* v. *Logan*, 5 M. & W. 247.)   The plaintiff had no authority to take the guaranty of defendants to secure the payment of money, deposited in the First National Bank. (2 R. S. [7th ed.] 1429 ; *Beatty* v. *Marine Ins. Co.*, 2 J. R. 108 ; *McCullough* v. *Moss*, 5 Den. 567 ; Ang. & Ames on Corp. 278, 279 ; 2 Kent Com. 177 ; 5 Wend. 547, 650 ; 15 J. R. 358 ; 12 Wheat. 64 ; 19 N. Y. 163 ; *People* v. *Mech. & Trad. Sav. Inst.*, 92 N. Y. 9 ; 21 id. 490 ; 14 id. 189 ; 15 id. 9, 98 ; 25 W. 650.)   The inferences and conclusions to be drawn from all the testimony of the witnesses were for the jury to find and not the court.   (*Rosenbach* v. *M. & B. Bk.*, 69 N. Y. 358 ; *Payne* v. *Guardiner*, 29 id. 146 ; *Boos* v. *World Mut. Ins. Co.*, 4 Hun, 133 ; 64 N. Y. 236 ; *Stokes* v. *Johnson*, 57 id. 678 ; *Ellwood* v. *W. U. Tel. Co.*, 45 id. 549 ; *Bidwell* v. *Lamsett*, 7 H. P. 357 ; *Keller* v. *N. Y. C. R. R. Co.*, 24 N. Y. 172 ; *Wolfkill* v. *Sixth Ave. R. R. Co.*, 38 id. 49 ; *Smith* v. *Tiffany*, 36 Barb. 23 ; 34 N. Y. 548 ; 35 id. 9 ; *Merritt* v. *Lion*, 3 Barb. 110.)

*E. C. Sprague* for respondent.   The defendants having guarantied "the performance of the foregoing contract by the First National Bank," are estopped from denying its execution by the bank after the plaintiff has acted upon faith of and under it.   (Brandt on Suretyship and Guarantyship,

§ 31; *Hoboken* v. *Harrison*, 1 Vroom. [N. J.] 73; *Otto* v. *Jackson*, 35 Ill. 349.) If it was proper to make the deposits it could not have been unlawful for the Savings Bank to protect itself and its depositors by procuring security for their repayment with interest. (*Upton·* v. *N. Y. & E. Bk.*, 13 Hun, 269; *In re Patterson*, 18 id. 221.) The defendants are estopped from claiming that the bond is invalid, and that the corporation or its officers had no power to execute it; Brandt on Suretyship, §§ 31, 104; *Remsen* v. *Graves*, 41 N. Y. 471.) Aside from the question of estoppel, the contract is one proper and lawful for the plaintiff to make, and the defendants are bound by it. (*In re Patterson*, 18 Hun, 223; *Childs* v. *Barnum*, 11 Barb. 14; Brandt on Suretyship, § 359.) The contract was made at the same time, and written on the same paper as the contract which it guaranties. It is a part of that contract, and the consideration for the bond is a sufficient consideration for the guaranty. (*Jones* v. *Frost*, 6 Cal. 102; *Simons* v. *Steele*, 36 N. H. 73; *Williams* v. *Marshall*, 42 Barb. 524; *Lippincott* v. *Ashfield*, 4 Sandf. 611; *Leonard* v. *Vredenburgh*, 8 Johns. 29; *Bailey* v. *Freeman*, 11 id. 221.) The consideration need not be expressed in the guaranty, but may be shown by parol. (*Evansville Nat. Bk.* v. *Kaufmann*, 93 N. Y. 273; Brandt on Suretyship, §§ 6, 7; *Jackson* v. *Jackson*, 7 Ala. 791; *Wells* v. *Mann*, 45 N. Y. 327; *Gardner* v. *King*, 2 Ire. [N. C.] 297; *Jolley* v. *Walker*, 26 Ala. 690; *King* v. *Despard*, 5 Wend. 277; Chitty on Cont. [11th Am. ed.] 33, 35–40.) The expectations of the First National Bank, that the existing deposits would be continued and new ones would be made, furnish sufficient consideration for the execution of the bond and of the guaranty irrespective of whether or not such expectations were realized. (*Smedes* v. *Utica Bk.*, 20 Johns. 372; 3 Cowen, 662, 683; *Allen* v. *Merch. Bk.*, 22 Wend. 215, 228; *Morgan* v. *Smith*, 70 N. Y. 537; *Union Turnpike Co.* v. *Jenkins*, 1 Caines, 389; *Exchange Bk.* v. *Bank*, 12 Wall. 276–288; *McNaught* v. *McClaughry*, 42 N. Y. 22; *Mech. & Farm. Bk.* v. *Wickson*, id 438.)

ANDREWS, J.   The questions involved in this case have been carefully considered in the opinions pronounced at the General Term, and we shall content ourselves with a brief statement of our conclusions on the main propositions upon which the appellants rely for a reversal of the judgment.

*First.* It is insisted that there was no consideration to uphold the contract of guaranty.   The bond and guaranty were executed concurrently.   The principal obligation recites that it was executed by the First National Bank of Buffalo in consideration of deposits made, or which might be made with said bank by the plaintiff, the Erie County Savings Bank, and the recital is followed by an undertaking on the part of the obligor to repay to the savings bank on demand all deposits which it has made or may make with the First National Bank on call as required, with interest at four per cent per annum. The bond is executed under the seal of the First National Bank by its president and cashier.   The undertaking of the guarantors, which is indorsed on the bond, is as follows : " In consideration of the making of the deposits, mentioned in the foregoing agreement, we each and severally guaranty the performance of the foregoing contract by the First National Bank of Buffalo."   The bond and guaranty were delivered by the First National Bank to the savings bank on the 8th day of March, 1882, in compliance with a request theretofore made by the treasurer of the savings bank to the president of the First National Bank to furnish a new bond, with sureties, to secure deposits of moneys of the savings bank in the First National Bank.   There had been a previous bond and guaranty of similar character executed in 1865 to secure deposits, with interest at the rate of five per cent, and from the time of giving that bond to January 17, 1882, the date of the last deposit, deposits were made in each year by the plaintiff with the obligor, payable on call.   Prior to January, 1882, three of the four guarantors on the bond of 1865 had died.   In consequence of this fact, in January, 1882, the finance committee of the plaintiff directed its treasurer to obtain a new bond from the

First National Bank, as a substitute for the old one, and the request for a new bond was made in consequence of this direction. Within three or four days afterward the bond and guaranty now in question were delivered to the plaintiff, and the old bond was surrendered to the First National Bank. The latter bank failed April 14, 1882, owing the plaintiff the sum of $30,000 for deposits on and prior to January 17, 1882. This indebtedness has been paid in part by the receiver of the insolvent corporation and in part by co-sureties of the defendant's intestate, but leaving a part of the debt still unpaid.

Upon these facts we are of opinion that the surrender of the bond of 1865 was a good consideration for the guaranty. It is a legitimate inference from the circumstances that the new bond was intended by both banks as a substitute for the original bond, and no other inference is consistent with the acts of the parties and the circumstances. That this was the intention of the plaintiff is plain from the action of its officers. The finance committee directed its treasurer to procure a new bond as a substitute for the former one, and it surrendered the old bond within a few days after receiving the new one. There was no formal action by the First National Bank, showing its intention, beyond the giving of the new bond. But the new bond covered past as well as prospective deposits, and fixed a rate of interest more favorable to the First National Bank than the former one. The president of the First National Bank testified that the rate of interest was referred to in the conversation between the treasurer of the plaintiff and himself before the new bond was given, and that the treasurer of the plaintiff, in connection with this subject, said "it would be a good thing to have a new contract made." It was in the interest of the First National Bank that the new bond should be substituted for the old one, and we cannot doubt, upon the evidence, that it was made and accepted as a substitute for the original one, and that the surrender of the old bond was in conformity with the intention of both banks when the new bond was

given. It is needless to cite authorities to show that the surrender of an existing security is a good consideration for a new undertaking between the parties to the surrendered obligation. There being a good consideration for the bond between the obligor and obligee, it follows, we think, that the same consideration supports the guaranty, and that it is immaterial whether the guarantors knew or did not know that the surrender of the old bond was in the contemplation of the parties when they became guarantors. Where a contract of guaranty is entered into concurrently with the principal obligation, a consideration which supports the principal contract supports the subsidiary one also. We understand this to be the settled doctrine. (*McNaught* v. *McClaughry*, 42 N. Y. 22; *Simons* v. *Steele*, 36 N. H. 73; Brandt on Suretyship, §§ 6, 7.) And the consideration need not be expressed in the guaranty, but may be shown by parol. (*Evansville Nat. Bank* v. *Kaufmann*, 93 N. Y. 273.)

The claim that the question of consideration should have been submitted to the jury is not well taken. There was no substantial controversy in respect to the facts. The president of the First National Bank does not deny that he knew that the plaintiff held a bond to secure deposits when the new bond was given. His denial only goes to the point that he was ignorant of the precise form of the security.

*Second.* The other principal question relates to the validity of the agreement evidenced by the bond. It is claimed that the arrangement between the savings bank and the First National Bank was, in substance, an agreement by the former to loan money to the latter, contrary to the statute prescribing the securities in which investments by savings banks may be made. We think it is a conclusive answer to this objection that the general act regulating the dealings and operations of savings banks (Laws of 1875, chap. 371, §§ 27, 28), expressly authorizes savings banks to keep ten per cent of their deposits on deposit in any incorporated bank in this State, and that it does not appear that the deposits made with the First National

Bank of Buffalo were in excess of this limit. The fact that the savings bank secured from the First National Bank an agreement to pay interest on the deposit does not convert the deposit into an unauthorized loan. It would seem strange to make an act of provident administration a cause of forfeiture upon a strained construction of the transaction. The deposits were, at all times, subject to call by the plaintiff. There are some subordinate questions treated in the prevailing opinion below.

We think there is no error disclosed in the record and the judgment should, therefore, be affirmed.

All concur.

Judgment affirmed.