BREWSTER *v.* SHORT.

*(Supreme Court, General Term, First Department.* February 18, 1892.)

ACTION ON GUARANTY—DEFENSES—WANT OF CONSIDERATION.

    In an action against the guarantor of a note, whose principal executed the same on good consideration, defendant cannot avail himself of want of consideration on his part for the guaranty made before delivery of the note, whether or not he knew of the consideration passing between his principal and the payee.

Exceptions from circuit court, New York county.

Action by Walter S. Brewster against John C. Short. A verdict for plaintiff was directed at circuit, and defendant moves for a new trial on exceptions ordered to be heard in the first instance. Exceptions overruled.

Argued before VAN BRUNT, P. J., and O'BRIEN, J.

*Charles O. Brewster*, (*Wallace Macfarlane*, of counsel,) for plaintiff. *James Parker*, for defendant.

VAN BRUNT, P. J. This action was brought upon a guaranty for a note. The complaint set out the note and guaranty, and delivery to one Thomas; and alleged that, at the time of the making and delivery of the note, the defendant, in consideration of the loan of the sum of $1,500, made by the party receiving the note to a company, guarantied in writing its payment. The complaint then alleged the assignment of the note and guaranty, and demand of payment, etc. The answer admitted the making and delivery of the note and guaranty, but alleged that it was given by the company for a loan by said Thomas to said company, as a stockholder, solely to avert and prevent the failure of the company, whereby Thomas' stock would have become valueless. The defendant then denies that, in consideration of said loan, he guarantied the note, and alleges that the guaranty was given after said loan was made, and without consideration to the defendant, and that defendant never received at any time any consideration for the said guaranty. The answer also denies the transfer, etc., and alleges that the said note belongs to the executors of said Thomas.

Upon the trial the plaintiff proved an assignment of said note, for a nominal consideration, by the executors of Thomas to the plaintiff, and rested. The defendant sought to prove the facts and circumstances attending the giving of the note to Thomas. This was objected to as being a transaction with Thomas, who was dead, which was sustained. This was clearly right, as the question plainly called for transactions between the witness and the deceased. The defendant then sought to prove that he did not receive any consideration for his guaranty. This evidence was excluded as immaterial, among other grounds, as it clearly was, because, under the pleadings, it appeared that there was a good consideration for the note. It is laid down as a rule that in every form of suretyship upon promissory notes, whether by undersigning, indorsing, or guarantying, the existence of a sufficient consideration between the maker and the payee establishes a sufficient consideration against the surety. *McNaught* v. *McClaughry*, 42 N. Y. 22. This rule is approved in the case of *Bank* v. *Coit*, 104 N. Y. 532, 11 N. E. Rep. 54; and it is further held that it is immaterial whether or not the guarantor knew of the consideration passing between the maker and the payee. In other words, if the holder can recover against the maker of a note, he can recover against the guarantor, unless such guaranty was placed upon the paper after delivery. In the case at bar consideration for the note is even alleged in the answer, so that the maker is liable, and consequently the guarantor is liable. The exceptions must be overruled, and judgment directed for plaintiff on the verdict, with costs.