81h 203
62ad109

CHARLES W. ETZ and Another, Respondents, *v.* ALMIRA M. PLACE, Appellant.

*Guaranty of a promissory note — the consideration stated in the note is sufficient — subsequent insertion in a note of the place of payment — effect of a default in an agreement between the maker and guarantor that the former would obtain an additional signature.*

A consideration contained in a written instrument executed contemporaneously with a guaranty thereof, and forming a part of the same transaction, satisfies the requirements of the Statute of Frauds.

Where a guaranty was indorsed upon a note before it was delivered by the makers to the payee, who required the guaranty of the makers' note by a responsible person, as a condition of accepting the same in part payment for property transferred by him to the makers, and afterwards parted with his property upon the strength of the guaranty (the guarantor being aware, when she signed the

guaranty, of the use which was to be made of the note), the guaranty became a part of the principal contract, and the consideration stated in the note, although none was stated in the guaranty, became the consideration of the guaranty and the guarantor became the original debtor of the payee, and not simply the guarantor of another's indebtedness.

The insertion in a promissory note of the place of its payment, after a guaranty of the payment thereof has been indorsed thereon, is not a material alteration in the note, although the same was added without the knowledge or consent of the guarantor, if the place named in such note as the place of the payment thereof is a bank located in the village where the makers of the note and the guarantor thereof resided at the time, within a very short distance of their respective residences.

The fact that the maker of a promissory note agrees with the guarantor thereof that before using the note he will procure the signature of another person as one of the makers thereof, does not relieve the guarantor from liability thereon, although the maker fails to procure such additional signature, where it does not appear that the payee had knowledge or information of such agreement.

APPEAL by the defendant, Almira M. Place, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Steuben on the 14th day of September, 1893, upon the verdict of a jury rendered by direction of the court after a trial at the Steuben Circuit, and also from an order entered in said clerk's office on the 5th day of February, 1894, denying the defendant's motion for a new trial made upon the minutes, with notice of an intention to bring up for review upon such appeal said order.

*J. H. & C. W. Stevens,* for the appellant.

*Milo M. Acker,* for the respondents.

LEWIS, J.:

The complaint states that E. J. Wright and A. K. Ryno made their certain promissory note, in writing, of which the following is a copy, to wit:

"$200.00.　　　　　　　ALFRED CENTER, N. Y., *Nov.* 16, 1891.

"Eight months after date we promise to pay Frank Hall or order two hundred and 00-100 dollars, value received, with interest, payable at University Bank, Alfred Center."　　　(Signed by the makers.)

And that the defendant then and there, for a good and valuable consideration, duly guaranteed the payment of said note, which was

then delivered to the said payee, Frank Hall, who then became the owner and holder thereof for value received, and that thereafter, and before the note became due and payable, the payee, for value received, sold, transferred and delivered the same to the plaintiffs. The note was not paid at maturity, and judgment was demanded against the defendant for the sum of $200, and interest. The answer of the defendant, among other defenses, pleaded the Statute of Frauds as a defense to the action. It was shown upon the trial that the makers of the note, Wright and Ryno, wishing to purchase a bakery from Hall, the payee of the note, upon credit in part, agreed that they would give the note mentioned in the complaint and procure a responsible person to guarantee the payment thereof. They thereupon fully explained to the defendant the terms of their agreement with Hall, and she consented to guarantee the payment of the note. They made the said note and the defendant, at their request, guaranteed its payment by writing upon the back thereof as follows: "I guarantee the payment of the within note," with her signature thereto. The makers thereafter delivered the note with the said guaranty to Hall in part payment for the said bakery. The note was thereafter transferred to the plaintiffs, and, not being paid at maturity, this action was brought against the defendant. It came on to trial, and upon proof of the facts above stated a verdict was directed against the defendant for the amount of the note, with interest.

It is the contention of the appellant that the plaintiffs failed to make a case against the defendant; that the defendant's undertaking was to answer for the debt, default or miscarriage of the makers of the note, and it not appearing upon the face of the guaranty that it was made for a valuable consideration, it was void under the Statute of Frauds, and that it was not competent to prove by parol evidence the real consideration for the undertaking of the defendant. There would be much force in the appellant's position if the guaranty had been a contract collateral to the note. If it had been given to secure the payment of a note which had theretofore had an inception, for a past due debt, in such case the undertaking of the defendant would have been void.

The undisputed facts are that the guaranty was made upon the note before it was delivered by the makers to the promisee. The

payee required as a condition of accepting the makers' note in part payment for his bakery that the payment thereof would be guaranteed by a responsible person, and when the note was delivered to him in part payment for his property the defendant's undertaking was indorsed upon it, and he parted with his property upon the strength of her undertaking. The defendant was aware when she signed the guaranty of the use which was to be made of the note. The guaranty thus became a part of the principal contract, and the consideration stated in the note, though none was stated in the guaranty, became the consideration for the guaranty. The defendant, under the circumstances of the case, became the original debtor to the payee of the note and not simply the guarantor of another's indebtedness. Where the consideration is contained in a written instrument contemporaneously executed with the guaranty and forming a part of the transaction it will satisfy the requirements of the statute. (*Evansville Nat. Bank* v. *Kaufmann*, 93 N. Y. 278.)

We have examined the authorities to which our attention was called in the appellant's brief and think they can be distinguished from the case at bar. It would require very much time and be a fruitless task to undertake a review of the very many authorities to be found in the books discussing similar questions arising under our Statute of Frauds. The current of them, we think, will be found to sustain the views we have taken of the questions here presented. The following are some of the cases bearing upon the question before us : *Bickford* v. *Gibbs* (8 Cush. 154); *Benthall* v. *Judkins* (13 Metc. 265); *Gates* v. *McKee* (13 N. Y. 232); *Union Bank* v. *Coster's Executors* (3 Comst. 212); *Erie Co. Sav. Bank* v. *Coit* (104 N. Y. 537).

No place of payment was inserted in the note when defendant executed the guaranty, but thereafter, and before the delivery of the note to the payee, the words "payable at the University Bank" were written in the note without the knowledge or consent of the defendant. This bank was located in the village where the defendant and both makers of the note resided at the time, and was within a very short distance of their residence. We do not think the alteration was a material one. (*Troy City Bank* v. *Lauman*, 19 N. Y. 477.)

The defendant offered to show that when she signed the guaranty the makers agreed that before using the note they would procure the signature of a Mr. Shaw as one of the makers of the note and that they failed so to do. As it is not claimed that the payee ever had any knowledge or information of such agreement he cannot be affected thereby.

The judgment and order appealed from should be affirmed.

DWIGHT, P. J., HAIGHT and BRADLEY, JJ., concurred.

Judgment and order appealed from affirmed.