(54 App. Div. 233.)

## McGOWAN v. GIVEEN MFG. CO.

(Supreme Court, Appellate Division, First Department. November 9, 1900.)

1. MASTER AND SERVANT — WRONGFUL DISCHARGE — PLEADING — VARIANCE—
STATUTE OF FRAUDS.

Where a complaint in an action for the wrongful discharge of a servant alleges an oral contract of employment for 50 weeks at $20 per week, and the plaintiff does not plead the statute of frauds, and does not raise the question of variance on the introduction of evidence that the employment was for a year, nor move to strike out such evidence, nor ask leave to amend his answer by pleading the statute of frauds, he waives such defect, and cannot raise such objection in a motion to dismiss the complaint at the close of plaintiff's case.

2. SAME.

Where the complaint in an action for the wrongful discharge of a servant alleges an employment for 50 weeks at $20 per week, and such employment is shown by the evidence, the fact that the plaintiff testified that the defendant had made a proposition to him for a year's employment did not show a variance which would sustain a motion to dismiss the complaint.

3. SAME.

Where the only issue in an action for the wrongful discharge of a servant was whether the contract was for a determined time, an instruction that the alleged contract was not for a year was not an error to which the defendant could object.

4. APPEAL AND ERROR—AMOUNT OF JUDGMENT—REDUCTION.

Where a judgment is excessive, and the plaintiff reduces the amount of the recovery, by the direction of the court, to that warranted by the evidence, the defendant cannot object on appeal that the verdict is excessive.

Appeal from trial term, New York county.

Action by Frank J. McGowan against the Giveen Manufacturing Company. From a judgment in favor of the plaintiff, and from an order denying a motion for a new trial, the defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Howard S. Gans, for appellant.
Joseph F. Perdue, for respondent.

RUMSEY, J. The plaintiff alleges in his complaint that on the 11th day of February, 1897, he entered the employment of the defendant as traveling salesman under an agreement that he was to receive 3 per cent. upon his sales, which should not be less than $1,000; that that sum was to be paid to him by the defendant at the rate of $20 a week, and that he was to be employed for the length of time necessary to receive and be paid the $1,000 at that rate. The complaint then alleged that he entered upon his employment under that agreement, and continued therein down to the 6th of April, at which time he was, without cause, wrongfully discharged by the defendant, and he seeks to recover the amount to which he would have been entitled at the end of the time for which he was employed. The defendant admits the employment of the plaintiff on the 11th of February, 1897, but it denies that the terms and conditions of the employment are correctly stated in the complaint. It

admits that the plaintiff entered upon his employment on the 12th of February, 1897, and continued in it down to the 6th of April, 1897, and that on that day the defendant terminated the employ, ment, and discharged the plaintiff. It alleges as a second defense that on the 11th of February, 1897, it employed the plaintiff upon the terms and conditions that the employment should be from week to week; that the plaintiff should render services as traveling salesman, and should travel at his own expense to such places as the defendant might direct; that the defendant should lend to the plaintiff such sums as might be necessary to defray the traveling expenses, and that the plaintiff should repay all sums so advanced; that the plaintiff should receive as compensation a commission of 3 per cent. upon all sales effected by him; that the defendant should guaranty to plaintiff that his commission upon his sales would average $20 a week, and should advance to him at the end of each week of such employment the sum of $20, which sums so advanced should be charged against the aggregate commissions earned by the plaintiff, and should be deducted from the amount of such commissions to be paid to him at the expiration of his employment. The defendant then set up a counterclaim for money loaned to the plaintiff, which was denied by him. Upon this state of the pleadings the parties went to trial. The only question presented was whether the plaintiff was hired for so long a time as would be required to exhaust the sum of $1,000 payable in the amount of $20 a week, or whether no fixed and specified time for his employment was made, or was reasonably to be inferred from the contract. No question was raised by the pleadings as to the validity of the contract under the statute of frauds. At the close of the plaintiff's case the defendant moved to dismiss on the ground that no contract had been proved of a definite hiring; that any contract which had been established would be for a term different from that set up in the pleadings; that the evidence showed that any contract which was made between the parties was a contract for a general hiring, terminable at will; that the only contract testified to was not within the pleadings, and was void under the statute of frauds. That motion was denied, but was renewed at the close of the whole case upon substantially the same grounds. The court submitted to the jury the question whether the contract was for a definite time, as alleged in the complaint, or was for no specified time, as alleged by the defendant; and upon that submission the jury rendered a verdict for the plaintiff for the damages which he claimed to have suffered.

The first point made by the appellant is that there was a variance between the contract proved by the testimony and that alleged in the complaint. He claims that this variance was fatal, because, if the contract sworn to by the plaintiff had been the one set up in the complaint, it would have been invalid under the statute of frauds, and the defendant would have set up that defense. To this contention there are two answers. In the first place, no such claim was made upon the trial. It is quite true that at the close of the plaintiff's case the defendant insisted that the contract proved was not the contract pleaded, but an examination of the testimony of the

parties shows not only that the contract testified to by the plaintiff was the contract set up in the complaint, but that the defendant's counsel raised no question of the variance at the time the evidence was given; that he made no motion to strike out the evidence nor objected to it on the ground that it did not tend to prove the contract alleged in the complaint; but it also shows that at the close of the plaintiff's case, when the defendant's counsel must have known if there was a variance, he made no motion to have the testimony stricken out, nor did he ask leave to amend his answer, but continued the trial without any objection to the pleadings as they stood. He knew, of course, that under a recent holding of the court of last resort in this state he could not avail himself of the defense of the statute of frauds unless he had set it up in his answer. Matthews v. Matthews, 154 N. Y. 288, 48 N. E. 531. If he was led by the complaint not to set up the statute of frauds, and he did not discover that the contract was invalid under it until after the testimony was given, he was bound, as soon as he did ascertain the fact, to ask leave to amend his answer; and, if he failed to do so, he must be deemed to have waived his rights by continuing the case upon the pleadings as they were when he went to trial. But, in the second place, there was no variance between the contract set up in the complaint and that proved upon the trial. It is quite true that the plaintiff, in his testimony, spoke of a proposition that he should work for a year for $1,000, but it is very evident that the contract which was finally made was that he should work for so long a time as would be required to use up the $1,000 in payments of $20 a week. So there was clearly no error in the action of the court in refusing to dismiss the complaint for the reasons urged by the defendant at the close of the plaintiff's case and at the close of the evidence.

But it is claimed that the court, in its charge, committed a fatal error. At the beginning of the charge the court stated clearly to the jury the question to be determined, but after the charge was finished he said to the jury, "If you believe that the contract was for a year, gentlemen, your verdict must be against the plaintiff, because the plaintiff's claim is for fifty weeks." Upon further discussion he said to the jury: "I do not see how it could be for a year, because all of the defendant's witnesses said it was not even for fifty weeks, and Mr. Frank McGowan said it was not for a year, and there would be a preponderance of evidence against it being for a year. You cannot find there was a hiring for a year, gentlemen. If there was a hiring for fifty weeks at a thousand dollars, payable at $20 a week, your verdict must be against a year." It is claimed that this direction was erroneous, and the error fatal, because the jury were not allowed to find that the contract was for a year, and that for this reason the judgment should be reversed. In examining this question it is necessary to bear closely in mind the real question which was presented to the jury for their determination. That was, not whether the contract was for a year, or for 50 weeks, but whether it was for a determinate period of time, so that the defendant had no right to dismiss the plaintiff without cause, or was a contract of hiring from week to week, so that the defendant might dis-

charge the plaintiff at the end of any week. That being the question presented to the jury, it was entirely immaterial whether the contract was for a year or for 50 weeks, because, if the plaintiff established either contract, his discharge was unjustifiable, and he was entitled to a verdict. The defendant, therefore, cannot complain that the jury were told that the contract was not for a year, for it was not important, because, whether it was for a year or for 50 weeks, the plaintiff was entitled to a recovery if he was wrongfully discharged.

It is said that the difference between a contract for a year and one for 50 weeks constituted a fatal variance in the proof. Undoubtedly, if the statute of frauds had been pleaded, the jury should have been instructed that, if they found that the contract was for a year, it was invalid, and the plaintiff could not recover; but a mere variation between 50 weeks and 52 weeks is of no importance, the question being whether the contract was for a specified time. But it is said the variation is important, because, if the contract had been for a year, the defendant might have had an opportunity to set up the statute of frauds. The answer is that the statute was not pleaded, and no request was made on the trial for an opportunity to do so. It is quite difficult to see how a party who consents to go to trial without interposing a defense, and who never asks to interpose it during the trial, although it is evident that such a defense may be good, is at liberty, when he is beaten, to insist on an appeal that he was deprived of his opportunity to plead that defense. But that is precisely this case. Admitting that the defendant was misled by the form of the complaint into an omission to set up the statute of frauds, he certainly became aware at the close of the plaintiff's case, if he ever did, that the statute might be a defense. But he made no effort to set it up then, and was content to complete the trial without setting it up; and, as that defense was not made, and could not be considered, the evidence about the contract not being for a year is entirely immaterial, and could have worked no damage to the defendant.

It is claimed that the amount of the verdict is too large, but an examination of the case would indicate that the amount found by the jury was the correct amount, and, if it was not, the order of the court compelling the plaintiff to reduce the verdict from $660.96 to $479.51 by deducting the amount of his commission clearly cured any such mistake, and for that reason the defendant is not in a situation to insist that the damages are excessive.

We have examined the point raised as to the admission of testimony, and find no errors therein. For these reasons we conclude that the judgment and order were correct, and must be affirmed, with costs to the respondent. All concur; HATCH, J., in result.