### HARDT et al. v. RECKNAGEL.

(Supreme Court, Appellate Division, First Department. June 7, 1901.)

1. STATUTE OF FRAUDS—PLEADING—AFFIRMATIVE DEFENSE.

Where the complaint alleged the existence of a contract, and such allegation was denied in the answer, a motion to dismiss at the end of plaintiff's case because the contract was within the statute of frauds was properly denied, since the defense of the statute must be affirmatively pleaded.

2. SAME—STATEMENT OF CONSIDERATION.

Where a corporation gave a receipt for money, and the treasurer agreed in writing on the back of the receipt to refund the money within a month, there was a sufficient instrument in writing showing a consideration to take the contract out of the statute of frauds.

3. SAME—PROMISE TO ANSWER FOR DEFAULT OF ANOTHER.

Where plaintiff refused to advance money to a corporation unless defendant, who was its treasurer, would agree to become personally liable therefor, in pursuance of which requirement he signed an agreement to refund the money in a certain time, it was an original promise, not within the statute of frauds.

Appeal from trial term, New York county.

Action by William E. Hardt and another against Gustav A. Recknagel. From a judgment in favor of plaintiffs, defendant appeals. Affirmed.

Argued before HATCH, McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Herbert H. Gibbs, for appellant.
George W. Glaze, for respondents.

HATCH, J. This action was brought to recover the sum of $2,000 and interest, alleged to have been loaned and advanced by the plaintiffs, as co-partners, to and for the benefit of the Montayne-Wells Company, and which the defendant promised and agreed to refund. It is averred in the complaint, as a first cause of action, "that on or about the 17th day of July, 1900, in consideration of plaintiffs' advancing and loaning to the Montayne-Wells Company, a corporation, the sum of one thousand dollars, the defendant agreed in writing to refund to the plaintiffs the said sum of one thousand dollars before the end of said month of July, 1900." The agreement referred to was indorsed on the back of a receipt, which reads as follows:

"July 17th, 1900.

"Received from Hardt & Lindgens, one thousand dollars gold, on account of advances. [Signed] Montayne-Wells Co.,
"$1,000. G. A. Recknagel, Treas."

The indorsement reads as follows:

"I hereby agree to refund Hardt & Lindgens the $1,000 herein mentioned before the end of this month.
"New York, July 17, 1900.
"[Signed] G. A. Recknagel."

The second cause of action is upon a similar agreement, for the same amount, and the writings are alike except as to date, the latter being dated August 3, 1900; and the indorsement is the same, except that no time of payment is specified. The defendant denies the making of the contract to refund, and, as a second defense, avers that the moneys were advanced pursuant to a contract existing between the plaintiffs and the defendant's corporation, the Montayne-Wells Company, of which he avers he was and is the treasurer. No evidence was introduced by the defendant, and at the close of the plaintiffs' case a motion was made to dismiss the complaint upon a variety of grounds, the principal of which, and those relied upon here, are that the agreements to refund do not express upon their face any consideration for the promise to repay; that the receipts and indorsements, when read together, do not disclose any consideration for the promise to refund; that the evidence fails to charge the defendant with the making of any agreement valid under the statute of frauds; and that, treating the complaint as upon original, separate, and distinct agreements, as distinguished from collateral undertakings, the evidence discloses no consideration for such agreements. This motion was denied, and exception duly taken. The grounds of the motion to dismiss rest on the statute of frauds, except the last, which raises the question of consideration independent of statutory requirements.

As we view the questions presented for our determination in this case, the record presents no grounds for the reversal of the judgment appealed from. It is now finally and authoritatively settled in this state that the statute of frauds does not make a contract within its terms illegal, and therefore void, but only voidable at the election of the party sought to be charged, and that such election must be manifested in some affirmative way. A mere denial in the answer of the contract alleged in the complaint, even when the character of the contract is not disclosed, evidences the intention to put in issue only the fact whether any agreement was entered into; and does not, therefore, raise any question under the statute of frauds. In order to be available upon the trial as ground of objection or otherwise, the statute must be pleaded as an affirmative defense. Crane v. Powell, 139 N. Y. 379, 34 N. E. 911; Mathews v. Mathews, 154 N. Y. 288, 48 N. E. 531. These authorities dispose of the question attempted to be raised by the defendant in this action as to the validity under that statute of the contracts sued upon; and we are constrained to hold that, assuming the contracts were void under the statute, the defendant, having failed to plead

such defense, was not in a position to raise that question. If it might be that the defendant was misled, by the form of the averments of the complaint, into failing to plead the statute, he should have asked leave to amend as soon as evidence was given indicating that such defense might be available; and, having failed so to do, he has entirely waived it, and it is now too late to insist upon it. McGowan v. Manufacturing Co., 54 App. Div. 233, 235, 66 N. Y. Supp. 708. It is thus made evident that, so far as the appeal is based upon the statute of frauds as a defense, it cannot be maintained. But we are also of the opinion that the ground that the contracts sued upon are void under the statute of frauds is untenable. The promises to pay are in writing, and, we think, sufficiently express the consideration. It may be first observed that the requirement that the written memorandum express the consideration was stricken from the statute in 1863 (chapter 464, Laws 1863); but, assuming the rule to be as before the amendment, there is sufficient statement of the consideration to answer the requirements of the statute. In Church v. Brown (decided in 1860) 21 N. Y. 315, the defendant signed on the back of an agreement the following amendment:

"I will be responsible for all such goods as Mr. White shall buy of the Messrs. Church within one year from date, and which shall not be paid for according to the terms of the within contract. July 1, 1852."

Although this promise does not express a consideration in terms, the court held that, inasmuch as the paper on which it was indorsed, and which was executed at the same time, implied a consideration formed through the delivery of goods by the plaintiff to a third party, the whole should be read together, and that the statute is answered where the consideration either appears in the memorandum signed by the party to be charged thereby, or is implied from other parts of the paper upon which it is indorsed, or in other contracts executed at the same time, forming the same general transaction. In Bank v. Kaufmann, 93 N. Y. 273, 45 Am. Rep. 204, it was held that, where the consideration is contained in a written instrument contemporaneously executed with the guaranty, and forming a part of the transaction. it will meet the requirements of the statute. In Etz v. Place, 81 Hun, 203, 30 N. Y. Supp. 765, the action was upon a guaranty made in writing upon the back of a note executed at the same time, in the following terms: "I guaranty the payment of the within note," and signed by the defendant. The objection was raised that the statute of frauds applied, for the reason that the consideration was not expressed; and the court held, on the authority of Bank v. Kaufmann, supra, that the requirements of the statute were complied with. Applying the rule established by the above authorities to the written instruments in this case, it very clearly appears that the promises are not within the statute of frauds, and ample consideration is found for the defendant's promises to pay.

We have also reached the further conclusion that the agreements sued upon are not within the statute of frauds for the reason that they are original and primary contracts to repay the money ad-

vanced to the defendant's company at his request, and solely in con- sideration of his promise to pay. The statute relates to collateral undertakings to pay the debt of another, provided the other make default. The evidence in this case shows that at the time the agreements were made the money had not yet been advanced, and. the debt, therefore, was never the pre-existing debt of another. The plaintiffs refused to advance the money to the Montayne-Wells Company because of its overdrafts upon the plaintiffs' books, but consented to do so if the defendant would become personally liable therefor, which he agreed to do, whereupon the money. was advanced, the receipts given, and the personal promise of the defendant to re- pay was indorsed thereon. The transactions were simultaneous, and the moneys were advanced upon the promise of the defendant alone. Under the authorities, this would have rendered the defendant liable, even if he had had no connection with the company, and his promises had been oral. The case is much stronger where the promise is in writing, and the promisor personally and beneficially interested in the advances. In Honsinger v. Mulford, 90 Hun, 589, 35 N. Y. Supp. 986, affirmed in 157 N. Y. 674, 51 N. E. 1091, where the president of a corporation requested an extension of the time of payment of a debt due by the corporation, and stated verbally, for the purpose of securing the extension, that he would pay the claim when it became due, and the time was extended on such promise, it was held that the case was not within the statute, but was an original promise, founded on a sufficient consideration moving to the corporation, and the defendant was held personally liable. The only difference between that case and the one at bar is that in the latter the promises are in writing, and the money was loaned and advanced to the corporation at the time, instead of extending the time of payment of a previous loan. The defendant does not undertake conditionally to pay in case the corporation does not, but the promise is absolute without regard to the corporation, and the money was loaned on that promise. The defendant was, there- fore, the original debtor. The case referred to is also a direct au thority upon the other questions discussed in this opinion, and to the same effect as those cited.

The only other question requiring any discussion is in relation to the second agreement. No time is mentioned in the promise of August 3d when or within what time the money was to be refunded It is averred in the complaint, and admitted by failure to deny it in the answer, that the money has not been paid by the company or said defendant, though duly demanded; and the court has found upon the evidence that the money was not refunded, though duly demanded, and though a reasonable time for so doing has expired. Some evidence was introduced tending to show the time of repay- ment contemplated by the parties, but, had nothing been said orally about the time of performance, the law would presume a reason- able time; and reasonable time, in cases of payment of an indebt- edness where no time is fixed, is generally on demand.

We reach the conclusion that the judgment should be affirmed, with costs. All concur.