(114 App. Div. 766)

## WARTH v. KASTRINER et al.

(Supreme Court, Appellate Division, Second Department. July 24, 1906.)

WITNESSES—COMPETENCY—TRANSACTION WITH AGENT SINCE DECEASED.

In an action to recover royalties claimed under a unilateral license contract made between the agent of plaintiff's testator and defendants, defendants were entitled to testify to personal transactions and communications with the agent in making or lawfully modifying the contract, though both the principal and agent were dead, notwithstanding Code Civ. Proc. § 829, prohibiting a party from testifying to personal transactions with a deceased person, etc., through whom the party derives title, since plaintiff derived no title or interest from the agent.

[Ed. Note.—For cases in point, see vol. 50, Cent. Dig. Witnesses, § 661.]

Appeal from Trial Term, Richmond County.

Action by Appollonia Warth, doing business under the name and style of Albin Warth, against Jacob Kastriner and another. From a judgment in favor of plaintiff, defendant Charles Eisenman appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, GAY-
NOR, RICH, and MILLER, JJ.

Henry B. Ketcham (J. Ard Haughwurt, on the brief), for appellant.
Augustus J. Koehler, for respondents.

HIRSCHBERG, P. J.   The plaintiff sues as the successor in inter-
est of Albin Warth, who died on May 7, 1892, leaving a last will and
testament in which he bequeathed to her the rights and interests which
she seeks to enforce in this action.   The action is brought to recover
royalties claimed to be due under the terms of a unilateral license con-
tract dated April 15, 1892, signed by Albin Warth, but not signed by
the defendants or either of them.   The statute of frauds was not plead-
ed as a defense, and the judgment is based upon the ground that the
appellant, by accepting the contract and retaining it until the trial, be-
came bound by its terms.

While it is not necessary to decide that question on this appeal, I am
inclined personally to the view that, inasmuch as the contract, un-
signed by the defendants, was attached to the complaint, the appellant
should have pleaded the statute of frauds, if he desired to avail him-
self of its provisions.   See Honsinger v. Mulford, 90 Hun, 589, 35
N. Y. Supp. 986; Hardt v. Recknagel, 62 App. Div. 106, 70 N. Y.
Supp. 782; Kramer v. Kramer, 90 App. Div. 176, 86 N. Y. Supp. 129;
Crane v. Powell, 139 N. Y. 379, 34 N. E. 911; Matthews v. Matthews,
154 N. Y. 288, 48 N. E. 531; Honsinger v. Mulford, 157 N. Y. 674,
51 N. E. 1091.   The case of Brauer v. Oceanic Steam Nav. Co., 178
N. Y. 339, 70 N. E. 863, is not in conflict.   In that case the complaint
alleged a written contract.   The court said (page 343 of 178 N. Y.,
page 864 of 70 N. E.):

"It is urged that the defendant is not in a position to raise this objection;
the statute not having been pleaded.   Ever since the decision in Crane v.
Powell, 139 N. Y. 379, 34 N. E. 911, the law has been settled in this state,
whatever uncertainty there may have been on the subject before, that to avail
himself of the defense of the statute of frauds the defendant must in a
proper case plead the statute.   It is to be borne in mind, however, that in
the case now before us the plaintiff declared on a written contract, and 'the
statute concerns oral contracts only.   Written contracts, of whatever nature,
are untouched by its provisions.'   Browne on Frauds, § 344a.   It is diffi-
cult to see how the defendant could plead that a written contract was not
reduced to writing nor any note or memorandum thereof made in writing."

Whatever view may be taken, however, of that question, it is clear
that the learned trial court erred in the exclusion of evidence offered
by the appellant which was designed to qualify the force and effect
to be given to his apparent acceptance of the unilateral contract.   It is
not obvious that the evidence was intended to vary the terms of the
contract, and its exclusion cannot be justified on the ground, taken
by the respondent, that it was incompetent under section 829 of the
Code of Civil Procedure.   The contract was not given to the appellant
by Albin Warth, but by his agent, Henry Warth.   It was established
that he was the general manager of the business and made contracts
for his principal.   He also was dead at the time of the trial; but I
think, although no case precisely in point has been found, that evi-

dence could be given of personal transactions and communications with him, otherwise competent, notwithstanding his decease at the time of the trial. Such evidence is not excluded by the language of section 829, supra. In Hildebrant v. Crawford, 65 N. Y. 107, it was held, in construing a similar section of the Code of Procedure, that a party to an action was not prohibited from testifying to a transaction or communication between himself and a deceased agent of the opposite party, and that he may also testify to a conversation heard by him between a principal and agent, both deceased, as against a successor in interest of the principal. In Pratt v. Elkins, 80 N. Y. 198, it was held that the provision of the Code of Civil Procedure (section 829), prohibiting a party from testifying in certain cases to personal transactions with a deceased person, does not extend to transactions with the agent of such person.

I think the logic of these two decisions would permit a party to testify to personal transactions and communications with an agent in making or lawfully modifying a contract, notwithstanding the principal and agent are both deceased. The plaintiff herein derives no title or interest from the agent.

The judgment should be reversed.

Judgment reversed, and new trial granted; costs to abide the event. All concur.