W. & M. Operating, L.L.C. v Bakhshi (2018 NY Slip Op 01663)





W. & M. Operating, L.L.C. v Bakhshi


2018 NY Slip Op 01663


Decided on March 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2018

Manzanet-Daniels, J.P., Tom, Mazzarelli, Webber, Kern, JJ.


6017 651200/15

[*1]W. & M. Operating, L.L.C., Plaintiff-Appellant,
v
Jon Bakhshi, et al., Defendants-Respondents, John Best, Defendant.


Goldberg Weprin Finkel Goldstein LLP, New York (Matthew Hearle of counsel), for appellant.
Nesenoff & Miltenberg LLP, New York (Philip A. Byler of counsel), for respondents.



Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered June 22, 2016, which denied plaintiff's motion for summary judgment, unanimously modified, on the law, to grant the motion as against defendants Frank Porco and Timothy Rugisford, and otherwise affirmed, without costs. The Clerk is directed to enter judgment as against said defendants in the amount of $521,294.59, plus interest.
Plaintiff met its prima facie burden on its claim for payment under a guaranty of its tenant's rent by submitting (1) the guaranty and Porco and Rugisford's and defendant Jon Bakhshi's (together, defendants) verified answers, which admitted the existence of the lease modification agreement of which the guaranty was a part; (2) the judgment against the tenant, i.e., the underlying debt; and (3) the complaint, which was verified by plaintiff's managing member based on its books and records and correspondence (see e.g. Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro, 25 NY3d 485, 492 [2015]; Woori Am. Bank v Global Universal Group Ltd., 134 AD3d 699, 700 [2d Dept 2015]; CPLR 105[u]).
Defendants' argument that their guaranty lacks consideration is unavailing. The fact that the guaranty does not recite consideration is not determinative (see Sun Oil Co. v Heller, 248 NY 28 [1928]; Erie County Sav. Bank v Coit, 104 NY 532, 537 [1887]). Defendants admit that the lease modification agreement of which their guaranty was a part was supported by consideration (id.; see also Beacon Hotel Corp. v Springer, 256 App Div 606 [1st Dept 1939]).
Defendants failed to raise an issue of fact whether Porco and Rugisford were fraudulently induced to sign the guaranty. This argument was permissible in opposition to plaintiff's summary judgment motion even though Porco and Rugisford failed to include it as a defense in their answer (see Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175, 182 [1982]). Moreover, on this summary judgment motion, defendants' affidavits recounting their conversations with Richard Maltz, who was then plaintiff's managing member but who has since died, are not barred by the Dead Man's Statute (CPLR 4519) (see e.g. Phillips v Kantor & Co., 31 NY2d 307, 310, 313 [1972]). However, the fraudulent inducement defense is not viable, because the guaranty is unconditional, and because the lease of which it is a part contains a no-oral-modification clause (see e.g. Rabobank, 25 NY3d at 494; BNY Fin. Corp. v Clare, 172 AD2d 203, 205 [1st Dept 1991]).
The fact that Porco and Rugisford sold their interests in 150 RFT Varick Corp. (the tenant) does not relieve them of liability under their guaranty (see e.g. Franklin Natl. Bank of Long Is. v S. & L. Constr. Corp., 16 AD2d 682 [2d Dept 1962]). Unlike the guaranty in 150 Broadway NY Assoc., L.P. v Shandell (27 Misc 3d 1234[A] [Sup Ct, NY County 2010], affd 90 AD3d 498 [1st Dept 2011]), the guaranty in the instant action does not contain provisions [*2]allowing a withdrawing partner to be discharged from his or her obligations.
The fact that plaintiff failed to give defendants notice of its lawsuit against the tenant does not bar recovery but is relevant to whether the judgment against the tenant is binding on defendants (see Bridgeport Fire & Mar. Ins. Co. v Wilson, 34 NY 275, 279 [1866]).
Defendants failed to support their argument that the need for further discovery precludes summary judgment by showing either a likelihood that plaintiff has exclusive knowledge of relevant evidence or that further discovery might reveal the existence of such evidence (see Atomergic Chemetals Corp. v Hartford Acc. & Indem. Co., 193 AD2d 551 [1st Dept 1993]), at least as to liability. Rugisford's and Porco's affidavits merely said that they believed that codefendant John Best would have (unspecified) facts and information in defense of plaintiff's claim (see Lewis v Safety Disposal Sys. of Pa., Inc., 12 AD3d 324, 325 [1st Dept 2004]).
By contrast, Bakhshi raised a triable issue of fact whether plaintiff released him from his guaranty. He submitted an affirmation by his former attorney — "the person who last had custody of the original [release]" (Schozer v William Penn Life Ins. Co. of N.Y., 84 NY2d 639, 644 [1994]) — saying that the original release had been lost due to damage caused to his office by Hurricane Sandy. Bakhshi's affidavit and his former attorney's affirmation both said that plaintiff had released Bakhshi from his guaranty. In reply, plaintiff submitted an affirmation by its former attorney, saying that Bakhshi and his former attorney were lying.
Finally, contrary to defendants' contention, they are bound by the judgment that was entered in Civil Court as guarantors of the tenant's obligation (see APF 286 Mad LLC v Chittur & Assoc. P.C. (132 AD3d 610 [1st Dept 2015], lv dismissed 27 NY3d 952 [2016]; Moon 170 Mercer, Inc. v Vella, 146 AD3d 537, 538 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 15, 2018
CLERK