■ HAROLD J. FLYNN et al., Appellants, v. EDDY LEVESQUE et al., Respondents.— In an action *inter alia* to enjoin defendant Oswald, the Building Inspector of the Town of Cortlandt, from issuing a certificate of occupancy to defendant Levesque, plaintiffs appeal from an order of the Supreme Court, Westchester County, entered August 15, 1973, which denied their motion for a preliminary injunction against both defendants. Order reversed, with one bill of $20 costs and disbursements against defendants jointly, and motion granted to the extent of preliminarily enjoining defendant Oswald from issuing a certificate of occupancy. Defendant Levesque built a home and is presently occupying it. However, a driveway was not built as required and no certificate of occupancy was issued. Defendant Oswald served a notice of violation upon Levesque, which notice advised the latter that he was occupying his premises without first obtaining a certificate of occupancy as required by the Zoning Ordinance of the Town of Cortlandt. No further steps have been taken by either of the defendants, although Oswald has stated that he now intends to issue the certificate of occupancy. Having complied with section 268 of the Town Law, appellants have standing to sue. The record is unclear as to the nature of the dispute involving the driveway. It appears that one has been built, but perhaps not where it was stated to be built in the application for the driveway permit (which is not part of the record) and perhaps in violation of the property rights of an adjoining landowner. The notice of violation issued by Oswald is unexplained and outstanding. While preliminary injunctive relief is a drastic remedy which will not be granted unless a clear right thereto is established by the moving papers (*Town of Southeast* v. *Gonnella*, 26 A D 2d 550), there is ample cause for its granting here. To permit Oswald to issue a certificate of occupancy now will prevent resolution of the issue on the merits. Shapiro, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.

■ VIOLA HOUGH et al., Appellants, v. OTT BROTHERS & MARK, INC., Respondent, et al., Defendant.— Judgment of the Supreme Court, Westchester County, dated May 2, 1973, affirmed, without costs. No opinion. Gulotta, Christ and Brennan, JJ., concur; Shapiro, Acting P. J., and Benjamin, J., dissent and vote to modify the judgment so as to add thereto a provision that the dismissal of the complaint is without prejudice, on the authority of *Giglio* v. *Haber* (19 A D 2d 793).

■ In the Matter of BARBARA FASS, Respondent, v. ROBERT FASS, Appellant.— In a support proceeding, the appeal, as limited by appellant's brief, is from so much of an order of the Family Court, Richmond County, dated August 3, 1973, as directed appellant to make weekly support payments. Order modified, on the facts, by substituting "$60" for the weekly allowance made therein. As so modified, order affirmed insofar as appealed from, without costs. Under the circumstances of this matter, the award was excessive to the extent indicated herein. Hopkins, Acting P. J., Shapiro, Christ, Brennan and Benjamin, JJ., concur.