## SECOND DEPARTMENT, MAY, 1976

### (May 3, 1976)

THELMA BLAKE et al., Appellants, v JOSEPH BISCARDI, SR., et al., Respondents.—In an action *inter alia* for a declaratory judgment and permanent injunction, based upon allegations of fraud, plaintiffs appeal from an order of the Supreme Court, Suffolk County, entered January 22, 1976, which denied their motion for a preliminary injunction. Order reversed, without costs or disbursements, and motion granted to the extent of enjoining respondents, *pendente lite,* from conveying the Suffolk County properties on condition that appellants give an undertaking in the amount of $250 within five days after entry of the order to be made hereon (see CPLR 6312, subd [b]). In the event that the undertaking is not filed by the date specified, respondents may settle an order on two days' notice vacating the preliminary injunction granted herewith. In 1968 appellants entered into a contract for the purchase of real property in the East New York section of Brooklyn. The facts of that transaction are unclear. Appellants allege that there was one transaction involving three parcels of land. Respondents assert that there were two transactions, one the outright sale of a house in Brooklyn and the other a contract for the sale of two other houses in the same area. Both parties agree that appellants conveyed to respondents the title to three properties which they owned in Suffolk County as collateral security. It is uncontradicted that appellants did not comply with the terms of the contract which, in part, required them to keep the buildings in good repair and to comply with all city safety regulations. They also defaulted on the monthly payments which they were required to make. Respondents are now exercising possession over the Suffolk County properties and are threatening to evict appellants from their dwelling there. Appellants, however, have a dwelling in the house which they purchased in Brooklyn. Since the facts as to the transaction (or transactions) are disputed, and since appellants cannot demonstrate that they have a clear right to the relief requested, this court cannot enjoin respondents from exercising all rights of ownership over the Suffolk County properties (see *Town of*

*Southeast v Gonnella,* 26 AD2d 550). However, the purpose of a preliminary injunction is to maintain the *status quo;* therefore, we are enjoining respondents from conveying those properties, pending a final determination on the merits, since such conveyance might render any judgment ineffectual (see *Flynn v Levesque,* 43 AD2d 840). The parties should proceed to trial immediately. Cohalan, Acting P. J., Margett, Damiani, Rabin and Titone, JJ., concur.