## (February 18, 1977)

■ CECILIA SCHLOSSER et al., Respondents, v UNITED PRESBYTERIAN HOME AT SYOSSET, INC., Appellant.—In an action, *inter alia,* to declare that, pursuant to certain agreements, defendant is precluded from raising the rents payable under the terms of those agreements, defendant appeals from an order of the Supreme Court, Queens County, dated December 27, 1976, which granted plaintiffs' motion for a preliminary injunction restraining defendant from increasing such rental charges pending the outcome of the trial. Order modified by adding thereto directions that (1) all discovery proceedings be completed by March 15, 1977, (2) plaintiffs shall immediately file a note of issue and pay the cost thereof and (3) the trial of the action commence on April 4, 1977. As so modified, order affirmed, without costs or disbursements. In the event any of these conditions are not complied with, either party may apply for further relief as advised. Although we have grave doubts regarding the likelihood of plaintiffs' success on the merits, they have demonstrated that if a preliminary injunction is not granted, any subsequent judgment might be rendered ineffectual. Many of the plaintiffs, all of whom are senior citizens, cannot afford the scheduled rent increase and have no alternative residence to avail themselves of during the pendency of the action. The purpose of a preliminary injunction is to maintain the status quo; Special Term did not abuse its discretion in concluding that plaintiffs were entitled to the relief requested (see *Blake v Biscardi,* 52 AD2d 834; *Flynn v Levesque,* 43 AD2d 840). Hopkins, Acting P. J., Latham, Damiani and Hawkins, JJ., concur.