■ TOWN OF BROOKHAVEN, Respondent, v MONSTER RESTAURANT, INC., Appellant.—In an action for a mandatory injunction to compel defendant to remove an allegedly illegal structural extension on its property, defendant appeals from an order of the Supreme Court, Suffolk County, entered September 21, 1977, which granted plaintiff's motion for a preliminary injunction preventing it from using or occupying for any purpose the structural extension. Order reversed, without costs or disbursements, and motion denied. Appellant, which operates "The Monster Restaurant" in the community of Cherry Grove on Fire Island, essentially admits that a structural extension of the front of the restaurant exists in violation of applicable zoning provisions of the Town of Brookhaven. The town commenced this action for a permanent injunction and then moved, pursuant to CPLR 6301, for a preliminary injunction, alleging that the continued use of the structure produced injury to it. Special Term granted the preliminary injunction, holding that "the plaintiff has demonstrated a clear legal right to injunctive relief and is entitled to a preliminary injunction". We disagree. The moving papers contain unsubstiantiated conclusory allegations that the

town is suffering "vicarious" injuries which are detrimental to the well-being of the community as a result of the appellant's use and occupancy of the structural extension. The town has completely failed to demonstrate, as is required by the statute, any injuries whatsoever. Furthermore, the preliminary injunction, which effectively puts a substantial portion of the appellant's restaurant out of use, seriously disrupts the *status quo* in favor of the town and does not serve to re-establish the parties' positions at a prelitigation stage (see *Schlosser v United Presbyt. Home at Syosset*, 56 AD2d 615; *Flynn v Levesque*, 43 AD2d 840; 7A Weinstein-Korn-Miller, NY Civ Prac, par 6301.16, p 63-33). Damiani, J. P., Titone, Suozzi and O'Connor, JJ., concur.