OPINION OF THE COURT
Joseph J. Kunzeman, J.
Petitioner, in this article 78 proceeding, seeks a preliminary *190 injunction restraining respondents from taking any action to prepare a certain location in Jackson Heights, Queens County, for use as a community residence for the mentally retarded pending a resolution of this proceeding. Petitioner alleges that the site selection made by respondents for a community residence for the mentally retarded is in violation of statutory procedures and is, therefore, void. Respondents move pursuant to CPLR 7804 (subd [f]) to dismiss the petition on the grounds that it fails to state facts entitling petitioner to relief and that it is untimely within the terms of the statute giving rise to the cause of action.
Petitioner is a community board with jurisdiction over the geographical area in which a site has been selected by respondents for use as a community residence for the mentally retarded. The petition alleges that respondents have acted in violation of the procedures set forth in section 41.34 of the Mental Hygiene Law for site selection of community residence facilities and, therefore, the decision of the respondent commissioner upholding the site selection is in violation of lawful procedure and affected by an error of law. It is specifically alleged that respondents improperly dispensed with the statutory requirement of section 41.34 (subd [b], par [4]) when a hearing was scheduled on the matter prior to the expiration of the mandated 15 days in which petitioner had the right to suggest additional alternative sites for the residential facility. Petitioner further claims that, by their actions, respondents have ignored the express legislative intent of the statute which requires meaningful co-operation between respondents and the community represented by petitioner in selecting sites for residential facilities.
The legislative intent (L 1978, ch 468, § 1) is quite explicit and states: "It is further intended that communication and cooperation between the various state agencies, local agencies and local communities be fostered by this legislation, and that this will be best achieved by establishment of clearly defined procedures for the selection of locations for community residences, to best protect the interests of the mentally disabled and ensure acceptance of community residences by local communities. In the establishment of such community residences, the legislature recognizes the need to avoid, wherever practicable, a disproportionate distribution of community residences and other similar facilities.”
The facts at bar demonstrate that the respondents *191 improperly dispensed with the statutory requirement of section 41.34 (subd [b], par [4]) of the Mental Hygiene Law when a hearing was scheduled on the matter prior to the expiration of the mandated 15 days in which petitioner had the right to suggest additional alternative sites for the residential facility.
This court sits as an arbiter between the rights of the citizens and those of the State. In so doing, the court has the high duty to ensure that the rights of the citizens are completely protected and that when legislation is sought to be implemented that that implementation occurs only when all of the legislative requirements are followed. The Legislature here, in an effort to ensure community participation and acceptance, set forth stringent requirements in default of which severe sanctions would be imposed. Subdivision (d) of section 41.34 of the Mental Hygiene Law states: "Any operating certificate issued without compliance with the provisions of this section shall be considered null and void and continued operation of the facility may be enjoined.”
This court, having determined that the statutory requirements for the implementation of this particular facility located at 33-32 89th Street, Jackson Heights, Queens, were not followed as set forth in the applicable statute, must necessarily impose the stricture for that noncompliance, to wit, issue a temporary injunction to halt any and all preparation of the said site.
The question of whether this proceeding is timely and whether subdivision (c) of section 41.34 of the Mental Hygiene Law is applicable when it states "[r]eview of a decision rendered by a commissioner pursuant to this section may be had in a proceeding pursuant to article seventy-eight of the civil practice law and rules commenced within thirty days of the determination of the commissioner” is answered in the negative. This proceeding does not challenge the commissioner’s decision, per se, but seeks an adjudication that the agency lacked the requisite jurisdiction to act in this particular matter when the agency failed to wait the mandated 15-day period to afford the petitioner the right to suggest additional alternative sites. Consequently, the court finds that that particular Statute of Limitations is not applicable. Therefore, this proceeding is timely brought. (See Matter of Foy v Schechter, 1 NY2d 604, 615.)
The motion by respondents to dismiss the petition is denied and respondents are directed to serve an answer within 10 *192 days of the service of a copy of the order to be entered herein. (CPLR 7804, subd [f].)
In order to preserve the status quo of the matter pending a resolution of this proceeding (Schlosser v United Presbyt. Home at Syosset, 56 AD2d 615), the motion by petitioner for a preliminary injunction is granted to the extent that respondents are preliminarily enjoined from taking any further action with respect to preparing the site (33-32 89th Street, Jackson Heights, Queens) as a community residence facility for the mentally retarded. The court shall fix, in the order to be entered herein, the amount of damages for which petitioner shall be liable in lieu of an undertaking (CPLR 6312, subd [b]; 2512).