■ WILLIAM PHILLIPS et al., Respondents, v OPEN AIR COUNTY FAIR, INC., et al., Appellants.—In an action for a permanent injunction, defendants appeal from an order of the Supreme Court, Orange County, dated April 5, 1979, which granted plaintiffs' motion to preliminarily enjoin the defendants from conducting a flea market-carnival on the Orange County Fair Grounds. Order reversed, without costs or disbursements, and motion denied, on condition that the defendants apply, within 20 days after the service upon them of a copy of the order to be made hereon, with notice of entry thereof, for a special use permit, *inter alia,* to operate a flea market-carnival on the subject fairgrounds. In the event defendants fail to comply with the condition, then order affirmed, with $50 costs and disbursements. It was an abuse of discretion for Special Term to grant the instant motion for a preliminary injunction in the absence of an adequate showing of irreparable injury on the part of the plaintiffs. While we agree with Special Term that the defendant Agricultural Society is not exempt from the local zoning ordinance and that the asserted use of its fairgrounds constitutes a "special use" thereunder (see Zoning Ordinance of Town of Wallkill, §§ 6.2.3.1, 6.2.3.3, 6.2.3.5, 6.2.3.8), we do not believe that either the plaintiff town or its citizenry will suffer irreparable injury if the flea market-carnival is permitted to continue during the pendency of an application for a special use

permit (see *Town of Brookhaven v Monster Rest.,* 61 AD2d 980). In reaching our conclusion, we note that every Saturday some 20,000 people attend stock car races on this very fairground, and that each summer more than 300,000 people attend the Orange County Fair during its one week duration. Clearly, then, the roads leading to and from the fairgrounds are capable of handling large volumes of traffic without endangering the general public. Moreover, there is presently free parking for more than 6,000 cars. The fairgrounds have in the past proved capable of safely handling large crowds, and it would be unreasonable to assume that the foregoing will change during the pendency of an application for a special use permit. In allowing the flea market-carnival to continue pending disposition of the application for a special use permit, we take cognizance of the fact that it was the apparent intent of the Legislature that county agricultural societies be permitted to earn additional income to help defray the costs of running their annual fairs by leasing their property to profit-making enterprises during such periods when their respective fairs are not in progress (see, generally, *Matter of Erie County Agric. Soc. v Cluchey,* 40 NY2d 194). Rabin, Gulotta and Shapiro, JJ., concur.

Lazer, J. P., concurs in the result, with the following memorandum: While I concur in reversal, I do so on constraint of our holding in *Town of Brookhaven v Monster Rest.* (61 AD2d 980). I believe it is highly unrealistic to impose the obligation of establishing irreparable injury upon a municipality which seeks a preliminary injunction in a zoning case. At issue here is a patently illegal use of agricultural society property in the Town of Wallkill for a flea market which involves approximately 1,500 outdoor and 500 indoor sales booths and draws huge throngs of people to the site several times a week. The majority recognizes that the flea market use violates the town's zoning ordinance, but it has voted to reverse Special Term's grant of a preliminary injunction on the ground that the town has not demonstrated irreparable injury. In *Town of Brookhaven v Monster Rest. (supra),* this court reversed the grant of a preliminary injunction on the ground that the town had not demonstrated injury. The imposition of such a narrow view of the injury obligation upon a municipality which is attempting to enforce its zoning ordinance restricts the governmental ability to obtain quick relief to a few situations where some irreplaceable environmental resource is being destroyed or to circumstances which permit the irreparable injury argument to be made along conventional lines normally applicable to private parties. Such a severe constriction of the right to obtain expeditious summary relief can only result in open season for short-term violators and fly-by-night operators, particularly because our legal system is so prone to victimization by dilatory tactics. I have no difficulty in finding that a municipality is injured by violation of its zoning laws, and it seems to me that the old rule set forth in *City of Utica v Ortner* (256 App Div 1039) is much more salutary. Our holding in *Town of Brookhaven v Monster Rest. (supra)* and on this appeal will greatly reduce the scope of the municipal option of civil enforcement of zoning laws. It is, I fear, a course which we will in due time regret.