(December 14, 1979)

█ TOWN OF ISLIP, Respondent, v ANTHONY CAPRIOLA et al., Appellants, et al., Defendant.—In an action for a permanent injunction to prevent defendants from operating a farmer's market in an improper zoning district, defendants Anthony Capriola and West Islip Flea Market, Inc., appeal from so much of an order of the Supreme Court, Suffolk County, entered November 5, 1979, as, after an evidentiary hearing, issued a preliminary injunction as to them. Order affirmed insofar as appealed from, with $50 costs and disbursements. Defendant Capriola is the operator of a "flea market" or "farmer's market", now doing business under the name of West Islip Market Place. The flea market is concededly situated in a business I zone in which the operation of a "farmer's market" is prohibited. However, between October, 1978 and June, 1979, defendant Capriola, under the name of the corporate defendant West Islip Flea Market, Inc., maintained a farmer's market on the premises. In March, 1979 the corporate defendant pleaded guilty to 11 charges relating to operation of the business, including a charge of operation of a farmer's market in a business I zone. In August, 1979 plaintiff commenced the instant action to enjoin the planned reopening of the business under the new name of West Islip Market Place. Plaintiff moved for a preliminary injunction. After an evidentiary hearing, Special Term concluded that the new business was in violation of the zoning ordinance, and granted the relief requested. Relying upon our determinations in *Town of Brookhaven v Monster Rest.* (61 AD2d 980) and *Phillips v Open Air County Fair* (71 AD2d 882), appellants argue that plaintiff has

failed to make the requisite showing of irreparable injury. In the *Brookhaven* case, we held that it was improper for Special Term to issue a preliminary injunction enjoining the defendant from the use of a structural extension of a restaurant. There had been no showing of injury to the town resulting from the presumably unlawful use, and an injunction would have seriously disrupted the *status quo* in favor of the town. *Phillips* concerned a flea market being operated without the necessary special use permit. This court reversed Special Term's order granting a preliminary injunction, on condition that the defendant promptly apply for a special permit. We noted that it did not appear that "either the plaintiff town or its citizenry will suffer irreparable injury if the flea market-carnival is permitted to continue during the pendency of an application for a special use permit" *(Phillips v Open Air County Fair, supra,* pp 882-883). It is our opinion that both *Brookhaven* and *Phillips* are distinguishable from the instant case, and that Special Term did not abuse its discretion in issuing a preliminary injunction. Unlike the flea market in *Phillips,* the instant operation was not one for which a special use permit could be obtained under the zoning ordinance. Moreover, the preliminary injunction will restore the parties to their positions prior to the institution of the lawsuit. Finally, the preliminary injunction was issued after a full evidentiary hearing at which the parties were afforded an opportunity to present the pertinent facts. Damiani, J. P., Lazer, Rabin and Gibbons, JJ., concur.