### (June 12, 1980)

■ BERNARD WAINER, Respondent, v VILLAGE OF ELLENVILLE, Defendant, and STATE OF NEW YORK et al., Appellants.—Appeal from an order of the Supreme Court at Special Term, entered October 3, 1978 in Ulster County, which granted plaintiff's motion for a preliminary injunction and denied the State's motion to dismiss the complaint. Plaintiff is the owner of a parcel of land in the Village of Ellenville upon which his residence is located. A certain portion of this property is encumbered by an easement appropriated in 1970 by the State of New York for the Ellenville Flood Control Project, and similarly encumbered is a portion of the adjoining property owned by

Frances D. Fullerton and Dick P. Fullerton which plaintiff has used for gardening, landscaping and recreation with the owners' permission since 1955. In the spring of 1974, plaintiff planted trees on the encumbered lands, and thereafter, in September of 1976 and September of 1977 an engineer employed by the Department of Environmental Conservation as a Senior Hydraulic Engineer in charge of flood control projects in the eastern part of New York State inspected the flood control levee constructed on the encumbered property. He concluded that the planting of trees on the levee by plaintiff constituted a threat to the integrity of the levee system, and subsequently on May 3, 1978 the General Counsel of the Department of Environmental Conservation informed plaintiff that on or after May 10, 1978 the department would take action to remove the subject trees from the levee. As a consequence, the present action was commenced on May 10, 1978 when Justice George L. Cobb signed an order to show cause directing defendants to show cause why they should not be enjoined and restrained from destroying or removing the trees. Later, by the order which is the subject of this appeal, Special Term granted plaintiff's motion for a preliminary injunction enjoining and restraining the destruction or removal of the trees pending the trial and determination of this action. The court further denied a motion made by defendants State of New York and Commissioner Peter A. A. Berle to dismiss the complaint upon the grounds that submitted documentary evidence establishes that defendants have a complete defense to the action and that the complaint fails to state a cause of action. These two defendants now appeal. We hold that Special Term's order should be affirmed. Even though the State's documentary evidence establishes that the appropriated easement entitled the State to "clear and grub" the levee of trees, this evidence is insufficient to justify a dismissal of the complaint under either paragraph 1 or paragraph 7 of CPLR 3211 (subd [a]) because of the unusual situation presented in this case. Most significantly, plaintiff alleges that the State's chief engineer in charge of the construction of the flood control project expressly consented to and encouraged plaintiff's planting of the trees and that, despite periodic inspections of the levee by defendants after the planting, several years passed before defendants complained to him about the presence of the trees. Furthermore, plaintiff asserts that he planted the trees at considerable personal expense and that he accepted the State's monetary offer in settlement of his claim relative to the appropriation of the easement in reliance upon the representations and conduct of defendants which indicated that the trees would be allowed to remain on the levee, and he also questions the need for the destruction or removal of the trees. In our view, these allegations of plaintiff, if proven, may effectively demonstrate that defendants by their representations and conduct have effectively abandoned their easement right relative to the presence of plaintiff's trees on the encumbered land (17 NY Jur, Easements and Licenses, § 110). That being so, the court properly refused to dismiss the complaint. In so ruling, we would emphasize that this result in no way infringes upon the State's statutory authority to appropriate property for the protection and benefit of the public (see *Matter of Gavigan v McCoy,* 37 NY2d 548), and if the public good does require that the trees be removed or destroyed, the need for such action can be demonstrated at the trial of this action. Lastly, we find that the court properly granted plaintiff's motion for a preliminary injunction. The grant of the motion was conditioned upon plaintiff furnishing an undertaking, and the denial thereof would have rendered a subsequent judgment in favor of plaintiff ineffectual (cf. *Schlosser v United Presbyt. Home at Syosset,* 56 AD2d 615). Order affirmed,

without costs. Mahoney, P. J., Greenblott, Sweeney, Main and Mikoll, JJ., concur.