(21 App. Div. 231.)

STILLWELL v. BOYER et al.

(Supreme Court, Appellate Division, Second Department.    October 26, 1897.)

WITNESS—TRANSACTIONS WITH DECEDENT.
   In an action of ejectment to recover lands alleged to be included within a certain "lot 39," owned by plaintiff, he derived title through S., his father, while the title of defendants, if any, was derived either through one H., or through H.'s devisor, or by adverse possession originated by him. On the trial, the plaintiff, as a witness in his own behalf, was interrogated as to a conversation at which he was present between H. and S., both of whom were dead.    *Held* inadmissible, under Code Civ. Proc. § 829.

Appeal from special term.

Action by George Stillwell against Francis W. Boyer and others. From a judgment entered on a verdict for plaintiff, and from an order denying a motion for new trial, defendants appeal.    Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Alfred E. Mudge and James D. Bell, for appellants.
H. M. Gescheidt, for respondent.

GOODRICH, P. J.    This is an action in ejectment to recover possession of a parcel of land in Gravesend, which, as the plaintiff claims, formed part of a lot designated as "West Meadow Bank Lot No. 39." The plaintiff alleged a record title to said lot No. 39, and it was conceded upon the trial that he was the sole owner in fee simple of that lot. The defendants made separate answers, denying generally all the allegations of the complaint.    The answer of Boyer also alleged that he and the defendants Browning and their grantors had been in adverse possession for more than 20 years.    The defendants offered in evidence a deed from Christianna Harrison and William H. Harrison,

her husband, to Henry Hohenstein, dated June 5, 1888, conveying the adjacent lot, known as "West Meadow Bank Lot No. 38," and also the deeds of previous grantors to Mrs. Harrison. The defendants also offered in evidence the will of Christianna Harrison. The record does not contain the will, or any statement of its contents, but it seems to have been assumed that William H. Harrison derived his title under the will. The defendants also introduced in evidence a deed from William H. Harrison to Frank W. Boyer, who, we assume, is the defendant Francis W. Boyer, to Aaron A. Browning and the defendant George A. Browning, dated January 7, 1891. It is also stated in the brief of the defendant Browning that the defendants derived their title through Mr. Harrison, and the action was tried upon this theory.

The defendants claim that the premises in question are within the limits of lot 38, and a large part of the voluminous evidence relates to that question. Color is given to this claim of the defendants by reason of surveys which were offered in evidence, in respect to which it is only necessary to say that there was a controversy as to the location; the defendant Boyer alleging in his answer that he was in the actual occupation of the premises, under title which we must assume was derived through the deeds which he offered in evidence. It is evident that the title of the defendants, if any, was derived through Christianna Harrison, whose husband joined with her in the execution of the above-mentioned deed, or through the husband after the death of his wife, through the title derived under her will, or by an adverse possession extending over 20 years.

Upon the trial of the action, the plaintiff, being under examination as a witness in his own behalf, was interrogated as to a conversation between Mr. Harrison and Nicholas Stillwell, the father of the plaintiff, through whom the plaintiff derived his title. Counsel for the defendants objected to such testimony, on the sole ground that it was incompetent, under section 829 of the Code of Civil Procedure, but the objection was overruled. Exception was taken, and the plaintiff testified to the conversation. Section 829 of the Code, so far as it relates to the exception in question, reads as follows:

"A party * * * shall not be examined as a witness in his own behalf or interest * * * against * * * a person deriving his title or interest from, through or under a deceased person * * * by assignment or otherwise, concerning a personal transaction or communication between the witness and a deceased person."

We have no difficulty in finding that, although the plaintiff took no active part in the conversation, which was wholly between his father and Harrison, the testimony comes within the inhibition of the statute. Both Nicholas Stillwell and Harrison were dead. The plaintiff derived his title through his father, Nicholas Stillwell, one party to the conversation, and the defendants claimed to derive their title through Harrison.

In Re Bernsee's Will, 141 N. Y. 389, 36 N. E. 314, Andrews, C. J., writing the opinion of the court, said:

"Christian D. Bernsee was, under our decisions, an incompetent witness to testify to any conversation or transaction in his presence at the time of the execution and publication of the will. He was one of the chief beneficiaries thereunder, and was directly interested in establishing due execution. What

occurred at that time was a transaction between the testatrix and the witness, within the meaning of section 829 of the Code, although he took no actual part in the conversation, and it was wholly between the testatrix and the attesting witnesses. If active participation in the conversation was necessary to exclude an interested witness, and he should, as an observer, be permitted to testify to transactions in form between the deceased and third persons, although such transactions were in his interest, it would furnish an easy and convenient method in every case of evading the statute. The decisions have enforced the spirit of the statute by excluding such evidence, and have treated transactions between the deceased and third persons in the presence of interested parties as if the witness actually participated therein."

A similar view of the statute was taken by Mr. Justice Bradley in the case of Ditmars v. Sackett, 92 Hun, 381, 384, 36 N. Y. Supp. 690, where he said:

"It is now quite well settled that the personal transaction or communication between a witness having an interest in the result and a decedent to which the inhibition applies includes a transaction or communication of the decedent with another in the presence of the witness, on the subject to which his interest relates, although the latter takes no actual part in it."

We have not been assisted by the counsel of the plaintiff (respondent) except by the following statement: That the exceptions were not well taken, "for the reason that, in 1878 or 1879, the time the conversation took place, the plaintiff had no interest in the property, nor has he derived any title from Harrison; neither did Harrison derive any title from Nicholas Stillwell." We cannot see that either of these suggestions contains any sufficient answer to the objection raised by the appellants. To establish the adverse possession alleged in the answer, the defendants produced evidence tending to show that William H. Harrison was the owner and occupant of the premises in question. Evidence of this character was the assessment roll of the town of Gravesend, wherein William H. Harrison was named as owner. There was also a survey offered in evidence, headed "Survey for William H. Harrison," and the theory upon which the action was tried was that William H. Harrison was the person from whom the defendants derived title.

The court, in its charge, used the following language: "The plaintiff also claims that Harrison, from whom the defendants claim, in his talk with Judge Stillwell [plaintiff's father] recognized the right of Judge Stillwell to the land now in dispute." In the estimation of the learned court, therefore, the testimony thus admitted was important and material to the issues of the trial, whether the defendant claimed to be in possession under Christianna Harrison or her husband, or both, or by adverse possession. The court allowed the plaintiff to testify to a personal transaction or communication between himself and a deceased person, through whom he derived his title as against the defendants, and this constitutes reversible error.

We have not found it necessary to examine the other questions brought up by the record. The judgment must be reversed, and a new trial granted; costs to abide the event. All concur.