GEORGE STILLWELL, Appellant, *v.* FRANCIS W. BOYER and Others, Respondents.

*Adverse possession — proof that the defendant built and for twenty years occupied a house on the land in question presents a question for the jury.*

In an action of ejectment in which the defense of adverse possession is interposed, proof that the defendant's predecessor in title had built a house upon the land in controversy more than twenty years before the commencement of the action, and that, ever since that time and until the commencement of the action, it had been openly occupied and used by him and his successor in title without question on the part of any one, is sufficient to require the issue of adverse possession to be submitted to the jury.

APPEAL by the plaintiff, George Stillwell, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Kings on the 29th day of January, 1898, upon the verdict of a jury, and also from an order entered in said clerk's office on the 4th day of January, 1898, denying the plaintiff's motion for a new trial made upon the minutes.

The action was in ejectment.

*H. M. Gescheidt*, for the appellant.

*J. Stewart Ross* and *James D. Bell*, for the respondents.

PER CURIAM:

On a previous appeal a judgment in favor of the plaintiff in this case was reversed on account of an error in the admission of evidence. (*Stillwell* v. *Boyer*, 21 App. Div. 231.) The defendants have prevailed in the new trial which was then ordered. The property in dispute is situated on West Meadow Bank, in the late town of Gravesend. The defendants own the lot on this bank, known as No. 38, and the plaintiff owns the adjoining lot, known as No. 39. The plaintiff claims that his lot embraces the premises which he seeks to recover in this action, while the defendants contend that those premises are a part of their lot 38. A defense of adverse possession is also set up in the answer of the defendant Boyer.

The course taken by the trial left only one issue for the jury aside from the claim of adverse possession. This was the true location of the division line between lot 38 and lot 39. The evidence on this issue was conflicting and presented a question of fact for the jury. In support of the defense of adverse possession there was proof to the effect that the defendants' predecessor in title had built a house upon that portion of the land in controversy more than twenty years before the commencement of the action, and that it had been openly occupied and used by him and his successors in title ever since, without question on the part of any one, until this suit was begun. There was enough in the evidence on this branch of the case to take the issue of adverse possession also to the jury.

This appeal does not call upon us to consider any new question of law, nor does it involve any novel application of old rules or well-

established doctrines. It could doubtless have been determined more speedily if it had been argued orally, as upon an oral argument counsel frequently announce their reliance upon a few exceptions only, and the court is thus relieved from the examination of the others in the record. Where, however, a case is submitted upon printed briefs without any oral discussion by counsel every exception argued in the appellant's brief must be carefully examined, though the examination often indicates that only a small proportion of them present any serious question even when the appellant proves entitled to prevail. For these reasons, when the exceptions are numerous and the record is long, an oral argument is ordinarily much preferable to a submission on briefs alone.

In this case, we have examined and considered in detail all the exceptions to which the counsel for the appellant has called our attention in his brief. All the rulings to which they relate seem clearly correct, save possibly one or two, which, if erroneous, could have done the plaintiff no harm. The cause was tried without substantial error, and the questions of fact were fairly left to the jury. There is no occasion for this court to interfere with their verdict.

All concurred.

Judgment and order affirmed, with costs.