(151 App. Div. 358.)

## McCARTHY v. STANLEY et al.

(Supreme Court, Appellate Division, Third Department. May 8, 1912.)

1. WITNESSES (§ 143*)—COMPETENCY—TRANSACTIONS WITH DECEDENT.

Under Code Civ. Proc. § 829, which makes a person interested incompetent to testify in his own behalf against the representative of a decedent, one from whom plaintiff, in an action to foreclose a purchase-money mortgage, derived title to the mortgage, was incompetent to testify in behalf of plaintiff as to personal transactions with the defendants' deceased ancestor.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 619–624; Dec. Dig. § 143.*]

2. WITNESSES (§ 159*)—COMPETENCY—TESTIMONY OF INTERESTED PARTY AGAINST REPRESENTATIVE OF DECEDENT—AGENT.

The prohibition of Code Civ. Proc. § 829, against testimony of an interested party in his own behalf against the representatives of a decedent, does not extend to a personal transaction with the agent of a decedent, notwithstanding the principal and agent are both dead.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 664, 666–669, 671–682; Dec. Dig. § 159.*]

3. APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR—ADMISSION OF EVIDENCE—COMPETENCY.

In an action to foreclose a purchase-money mortgage, testimony of a witness for plaintiff as to personal transactions had by him with his father respecting the mortgage and payments thereon, if incompetent, was not harmful to defendants, where there was proof of a later pay-

ment removing the bar of limitations, as proof of prior payments to the original mortgagee tended to reduce the amount due on the mortgage.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4153–4160, 4166; Dec. Dig. § 1050.*]

4. APPEAL AND ERROR (§ 1051*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

In an action on a purchase-money mortgage, where the complaint confessed that many payments had been made prior to 1887, and there was evidence of the extension of the bar of limitations by payments as late as 1894, proof that the indorsements thereon were in the handwriting of the original mortgagor then deceased, if incompetent, was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4161–4170; Dec. Dig. § 1051.*]

5. EVIDENCE (§ 375*)—DOCUMENTARY EVIDENCE—PRELIMINARY PROOF—EFFECT OF ACKNOWLEDGMENT.

A duly acknowledged and recorded assignment of a mortgage could be introduced in evidence without proof by the assignee of the signature of the assignor.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1591, 1602, 1604, 1606; Dec. Dig. § 375.*]

6. EVIDENCE (§ 276*)—DECLARATIONS—DECLARATIONS AGAINST INTEREST.

In an action to foreclose a purchase-money mortgage, declarations by the defendants' deceased ancestor that she had made payments thereon, or directed her husband to do so, were competent as declarations against interest.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1135; Dec. Dig. § 276.*]

7. APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR—ADMISSION OF EVIDENCE—DECLARATIONS.

In an action to foreclose a purchase-money mortgage, declarations of defendants' deceased ancestor as to payments made thereon by herself or by her husband at her direction, if erroneous, were harmless, where the witness to such declarations testified that he heard her direct her husband to make such payments.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4153–4160, 4166; Dec. Dig. § 1050.*]

8. MORTGAGES (§ 222*)—ASSIGNMENT—RIGHT TO ASSIGN.

Where the mortgagee assigned a purchase-money mortgage with the bond accompanying it to his son, declaring that he should hold it in trust for the benefit of himself and his other named children, the son as trustee, or individually, had sufficient title to enable him to transfer the bond and mortgage by delivery or written instrument.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 589; Dec. Dig. § 222.*]

9. MORTGAGES (§ 237*)—FORECLOSURE BY ACTION—DEFENSES—CONSIDERATION.

Where a bond and mortgage were in the possession of plaintiff in an action to foreclose, and were produced by him at the trial, it was no concern of the defendant whether the consideration which plaintiff paid therefor was much or little.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 596; Dec. Dig. § 237.*]

Appeal from Trial Term, Warren County.

Action by William J. McCarthy against Herbert F. Stanley and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

A. C. Taylor, for appellants.

John H. Cunningham, for respondent.

HOUGHTON, J. The action is to foreclose a purchase-money mortgage given by one Petteys to Joseph Woodward on the 14th day of February, 1871. The principal was due in five annual installments; the first installment being due on the 1st day of April, 1872. In 1886 Petteys deeded the property covered by the mortgage to Harriet E. Stanley subject to such mortgage, the grantee assuming and agreeing to pay the same, the amount due thereon, however, not being stated. By an instrument bearing date the 12th day of August, 1885, but which is said not to have been delivered until 1888, Joseph Woodward assigned said mortgage with the bond accompanying it, with others, to his son Lemuel Woodward, declaring that he should hold it in trust for the benefit of himself and other named children. Thereafter Joseph Woodward died, and Lemuel was appointed administrator of his estate. Between 1895 and the bringing of this action, Harriet E. Stanley died intestate leaving the defendants her heirs at law. In November, 1910, Lemuel Woodward, in an instrument describing himself and which he signed as trustee, assigned the bond and mortgage in question to Thomas J. and Frank W. Smith, and in the same month the Smiths assigned the same to this plaintiff, who instituted this action in December, 1910, for foreclosure, making no claim for deficiency, however, against such heirs.

The principal defense urged is the statute of limitations. Harriet E. Stanley lived upon the farm with her husband, Elijah, who worked and managed the same, and who had died previous to the trial of the action.

[1, 2] For the purpose of showing that the statute of limitations had not run upon the mortgage, the plaintiff called Lemuel Woodward as a witness to prove that while he was the holder of the mortgage and in the years 1890, 1891, 1892, and 1894, payments aggregating $190 were made to him by Elijah Stanley, husband of Harriet E., to apply thereon. Objection was made that the witness was incompetent to testify to such facts under the provisions of section 829 of the Code of Civil Procedure. The objection was overruled, and the defendants insist that this was error for which the judgment must be reversed.

There is no sufficient proof from any other source that any payments were made within such period of time as to keep the mortgage alive, and if Lemuel Woodward was incompetent to testify to the facts which he did in behalf of the plaintiff, the judgment must be reversed.

There was proof in the case sufficient to authorize the court to find that Elijah, the husband, acted as agent for his wife, Harriet E., the owner of the property, in making such payments on the mortgage as he made, and that the payments which he did make were made with her knowledge and at her direction. No specific finding that Elijah was the agent of Harriet was made; but the court did find that such payments were made upon the mortgage while Harriet E.

Stanley was the owner of the premises and under obligation by her assumption thereof to make the same.

Lemuel Woodward being the person through whom the plaintiff derived title to the mortgage, and the defendants having derived title to the premises through Harriet E. Stanley, deceased, he was incompetent, under the prohibition of section 829 of the Code, to testify in behalf of the plaintiff to personal transactions which he may have had with her. Smith v. Cross, 90 N. Y. 549; Burdick v. Burdick, 180 N. Y. 261, 73 N. E. 23; Stillwell v. Boyer, 21 App. Div. 231, 47 N. Y. Supp. 666; Dolan v. Leary, 69 App. Div. 459, 74 N. Y. Supp. 981. He did not, however, testify to any personal transaction with her, but only to transactions had with her agent and husband, Elijah. Such prohibition does not extend to a personal transaction with the agent of a deceased person notwithstanding the principal and agent are both dead. Warth v. Kastriner, 114 App. Div. 766, 100 N. Y. Supp. 279

It follows, therefore, that the testimony of the witness respecting payments made by the agent Elijah, which had the effect of extending the mortgage for another 20 years, was properly received.

[3] The witness was also allowed, under the same objection, to testify to personal transactions and communications had by him with his father respecting the mortgage and respecting prior payments thereon. If the witness was incompetent to give such testimony, it was not harmful to the defendants. The mortgage having been extended by payments as late as 1894, the defendants were not harmed by proof of prior payments made to the original mortgagee which only tended to reduce the amount due on the mortgage.

[4] By his complaint the plaintiff confessed that many payments had been made prior to 1887, and proof that the indorsements were in the handwriting of Joseph Woodward, if incompetent, was harmless for the same reason.

[5] It was not necessary to prove by Lemuel the signature of his father to the assignment of the mortgage to him, for it was acknowledged and recorded and could be introduced in evidence without such proof.

[6] Declarations of Harriet M. Stanley that she had made payments on the mortgage, or directed her husband so to do, as the controversy now stands, were declarations against her interest, and therefore competent.

[7] If there be any question, however, as to such declarations being competent evidence, their admission was not sufficiently harmful to require a reversal of the judgment, as the same witness testified he heard her direct her husband to make the payment.

[8] Lemuel Woodward had the right to assign the bond and mortgage. Sufficient title was in him as actual or assumed trustee, or individually, or as administrator, to enable him to transfer the bond and mortgage to the plaintiff's assignor by delivery or written instrument.

[9] The bond and mortgage were in the possession of the plaintiff and produced by him upon the trial, and it was no concern of the de-

fendant whether the consideration which he paid for the same was much or little.

It follows that the judgment must be affirmed, with costs. All concur.