(May 28, 1982)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAXIMO VASQUEZ, Appellant. — Motion by appellant, pursuant to CPL 460.50, to Honorable Milton Mollen, Presiding Justice of the Appellate Division, Second Department, to stay execution of a judgment of the Supreme Court, Queens County, rendered May 20, 1982, and to release the appellant on his own recognizance, or to fix reasonable bail pending determination of the appeal from said judgment. Motion for stay granted by Presiding Justice Mollen, who sets bail by the giving of an insurance company bail bond in the sum of $10,000, or by depositing a similar sum ($10,000) as a cash bail alternative. This is an application for a stay of execution pending appeal. The application raises an issue which is apparently one of first impression. The defendant pleaded guilty to criminal possession of a controlled substance in the third degree, an A-III felony. As part of the plea bargain, it was agreed that following the imposition of sentence, the defendant would be resentenced, pursuant to section 60.09 of the Penal Law, to a term of from one to three years' imprisonment. The defendant was in fact resentenced to that term, and thereafter appealed from the judgment. The District Attorney does not address the merits of the defendant's motion for a stay of execution. Instead, he opposes the application solely on the grounds that, having been convicted of a class A felony, the defendant is ineligible for a stay of execution pending appeal (see *Matter of Gold v Shapiro*, 62 AD2d 62, affd 45 NY2d 849). I do not agree that the application is barred. CPL 530.50 grants authority to issue an order of recognizance or bail pending the determination of an appeal "unless the defendant *received a class A felony sentence.*" The sentence imposed upon the defendant in this case — a term of from one to three years' imprisonment — is not a "class A felony sentence," (see Penal Law, § 70.00). Rather it is a term to which an authorized sentence may be modified in certain cases involving class A felony convictions (see Penal Law, § 60.09). In my view, a stay of execution may be granted where a class A felony sentence is subsequently modified pursuant to statute, since by the precise language of CPL 530.50, it is not the grade of the conviction, but the class of the sentence that controls. Accordingly, I conclude that, contrary to the contention of the District Attorney, I do have the power and authority to grant a stay of execution in this case. Turning then to the merits of the application, the papers reveal that the charges arose from the defendant's possession — not sale — of three to five grains of cocaine found in a preparation of inisotol having an aggregate weight in excess of four ounces. At a hearing conducted on the defendant's motion to dismiss in the interests of justice, an expert testified that the quantity of cocaine involved had no sale value and no use value. The motion to dismiss was denied, however, as was the defendant's motion to suppress. Both denials are to be challenged on appeal. The defendant also indicates his intent to challenge the constitutionality of the aggregrate weight standard as applied to the facts of his case. The papers reveal further that the defendant is a family man with substantial roots in this city. He has been free throughout the three-year pendency of this action on $5,000 bail, and there is no suggestion that he ever failed to appear in court when required to do so. Moreover, there is no indication in the papers that the defendant has any prior record of criminal involvement. Accordingly, in view of the defendant's roots in the community, his demonstrated history of appearing in court whenever required, and the points he intends to raise on appeal, the defendant's application should be granted and bail fixed in the sum of $10,000 insurance company bond or cash.