■ XEROX CORPORATION, Respondent, v DEPARTMENT OF TAXATION AND FINANCE OF THE STATE OF NEW YORK et al., Appellants.

A party aggrieved by an administrative determination generally must " 'exhaust all possibilities of obtaining relief through administrative channels before appealing to the courts' " *(Young Men's Christian Assn. v Rochester Pure Waters Dist.,* 37 NY2d 371, 375). That rule applies to a taxpayer challenge to determinations of the State Tax Commission *(Allstate Ins. Co. v Tax Commn.,* 67 NY2d 999, 1001; *Slater v Gallman,* 38 NY2d 1, *rearg denied* 39 NY2d 832; *Hahn v State Tax Commn.,* 134 AD2d 904). Plaintiff has been unable to establish any exception to the exhaustion doctrine which would allow it to bypass the available administrative remedies and maintain a declaratory judgment action to challenge the adverse tax determination. First, Xerox does not challenge the statute as " 'wholly inapplicable' " to it *(Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 58). The parties agree that the statute is applicable to Xerox and merely differ as to its proper interpretation. Second, this case does not involve a pure question of statutory interpretation. Xerox contends that defendants' determination is inconsistent with their own regulations (20 NYCRR 3-6.2) and the court based its decision in part on its reading of such regulations. The administrative agency should be afforded the opportunity to construe and apply its own regulations *(cf., Matter of Howard v Wyman,* 28 NY2d 434, 437-438, *rearg denied* 29 NY2d 749). Third, this case involves a question concerning the " 'specific application of a broad statutory term' ", viz., "owned", and therefore is one in which the agency which administers the statute "must determine it initially" *(Matter of American Tel. & Tel. Co. v State Tax Commn.,* 61 NY2d 393, 400, *rearg denied* 62 NY2d 943; *see, Matter of Mobil Intl. Fin. Corp. v New York State Tax Commn.,* 117 AD2d 103, 106). Fourth, there are factual issues which preclude plaintiff from bypassing administrative channels. Those issues involve the precise nature and extent of Xerox' ownership of Rank Xerox stock as well as the proper allocation of Xerox' expenses to subsidiary capital. Where the issue concerns the proper application of "statutory language to as yet unresolved issues of fact * * * [t]he remedy of a declaratory judgment is [not] applicable" *(Allstate Ins. Co. v Tax Commn.,* 115 AD2d 831, 834, *affd* 67 NY2d 999, *supra).* Finally, Xerox started to pursue its administrative remedies by filing petitions for redetermination with the State Tax

Commission. A party must exhaust its administrative remedies "particularly when the administrative process has already been commenced" *(Allstate Ins. Co. v Tax Commn., supra,* at 832; *see, W. T. Wang, Inc. v New York State Dept. of Taxation & Fin.,* 88 AD2d 825, *affd* 58 NY2d 1021). (Appeal from judgment of Supreme Court, Monroe County, Provenzano, J.—declaratory judgment.) Present—Doerr, J. P., Denman, Green, Lawton and Davis, JJ.