■ TOWN OF ESOPUS, Appellant, v FAUSTO SIMOES AND ASSOCIATES, Respondent.—Yesawich, Jr., J. Appeals (1) from an order of the Supreme Court (Klein, J.), entered December 23, 1987 in Ulster County, which denied plaintiff's motion for a preliminary injunction, and (2) from an order of said court, entered July 12, 1988 in Ulster County, which, upon granting plaintiff's motion for reargument, adhered to its original decision.

In 1987, defendant purchased property in the Town of Esopus, plaintiff herein, consisting of nine undersized lots. Three of the lots, numbers 45, 47 and 49, are contiguous and front on a public highway; a house stood on lot 45. Defendant's proposed resubdivision of the entire property into six lots was critiqued by the secretary of plaintiff's planning board, but defendant nevertheless applied for and was granted a building permit by plaintiff's Building Inspector to construct a modular home, which was subsequently erected, on lots 47 and 49. Since plaintiff's zoning laws require a frontage of 75 feet for each house lot and the three lots combined have frontage of only 136 feet, there was insufficient frontage for two residences. Proceeding with alacrity, plaintiff commenced an action for a permanent injunction by service of a summons with notice and immediately moved for a preliminary injunction to, *inter alia,* require defendant to dismantle the modular home. Supreme Court denied the motion and, following rear-

gument, adhered to that decision. This appeal ensued; we affirm.

Preliminarily, we note that although plaintiff's notice, stating that the nature of the action is an injunction and that the relief sought is a permanent injunction, is more cryptic than we would desire, it is sufficient to meet the notice requirement of CPLR 305 (b) *(see,* McLaughlin, 1987 Supp Practice Commentary, McKinney's Cons Laws of NY, Book 7B, CPLR C305:3 [1988 Pocket Part], at 182-183). Nor is plaintiff relegated to seeking relief via CPLR article 78. An action to permanently enjoin a zoning violation is contemplated by Town Law § 268 (2) and, as such, the issue is whether equity demands imposition of an injunction, not whether the Building Inspector exceeded his authority.

Moreover, plaintiff was not, as defendant contends, required to serve a complaint prior to seeking a preliminary injunction. A movant is entitled to a preliminary injunction in one or both of two circumstances: first, that the defendant is presently violating or imminently threatening to violate the plaintiff's rights and, second, that the nature of the action requires a preliminary injunction (CPLR 6301; *see, Matter of Seplow v Century Operating Co.,* 56 AD2d 515). Only in the latter circumstance need the movant furnish its complaint or counterclaim *(see, Matter of Seplow v Century Operating Co., supra;* 7A Weinstein-Korn-Miller, NY Civ Prac ¶ 6312.05). Inasmuch as plaintiff alleges a present and ongoing violation of its zoning laws, it was not so obligated.

With respect to whether Supreme Court's decision should be disturbed, it is worth noting that: "A motion for a preliminary injunction is addressed to the discretion of the trial court, and the decision of the trial court on such a motion will not be disturbed on appeal, unless there is a showing of abuse of discretion, and an order denying a motion for a preliminary injunction will be reversed only in an exceptional case" *(Long Is. Oil Terms. Assn. v Commissioner of N. Y. State Dept. of Transp.,* 70 AD2d 303, 305). Supreme Court found, *inter alia,* that plaintiff failed to prove it would suffer irreparable injury if a preliminary injunction was granted. Plaintiff, relying on *Village of Pelham Manor v Crea* (112 AD2d 415), asserts that proof of injury to the public is not required prior to enjoining a violation of a zoning ordinance *(supra,* at 416; *see also, City of New York v Bilynn Realty Corp.,* 118 AD2d 511, 512 [holding limited to temporary restraining orders]). While it is not necessary by virtue of Town Law § 268 that plaintiff show irreparable harm as a condition of obtaining injunctive relief

*(see, Town of Islip v Clark,* 90 AD2d 500, 501), whether immediate relief of this nature should be extended is still a matter governed by equitable principles *(see, Finger Lakes Health Sys. Agency v St. Joseph's Hosp.,* 81 AD2d 403, 408, *lv denied* 55 NY2d 606, *lv denied sub nom. People v St. Joseph's Hosp.,* 55 NY2d 607; *Town of Brookhaven v Monster Rest.,* 61 AD2d 980). Although it appears that plaintiff is likely to succeed on the merits, a balancing of the equities discloses no prejudice to plaintiff if it is left to await an adjudication on the merits, for a municipality is generally not subject to being barred by estoppel *(Matter of Parkview Assocs. v City of New York,* 71 NY2d 274, 282, *appeal dismissed and cert denied —* US —, 109 S Ct 30), and thus any further breach of plaintiff's zoning ordinance—plaintiff expresses concern that defendant proposes additional violations—undertaken by defendant, will be at the latter's own risk. On the other hand, to require defendant to dismantle its structure now would be a wasteful incursion into the status quo should defendant prove successful on the merits; furthermore, it would remove any incentive for plaintiff to vigorously prosecute this action.

Orders affirmed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.