■ GTE Spacenet Corporation, as Successor in Interest to ASC Telecommunications, Inc., and Another, Respondent, v New York State Department of Taxation and Finance et al., Appellants. (And One Other Action.) [607 NYS2d 677] —Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered on or about August 27, 1993, which granted plaintiff's motion for a preliminary injunction restraining defendants from conducting an administrative hearing con-

cerning plaintiff's claimed tax deficiencies, unanimously affirmed, without costs.

Where the taxpayer claims that a tax statute is wholly inapplicable, it may bring a declaratory judgment action without exhausting administrative remedies (see, Xerox Corp. v Department of Taxation & Fin., 140 AD2d 945, 946, lv denied 72 NY2d 809). Plaintiff in this action for a declaratory judgment has sufficiently demonstrated that it is likely to succeed on the merits of its challenges to Tax Law §§ 183, 184, 186-a and 186-c, all of which are to be narrowly construed in favor of the taxpayer (Debevoise & Plimpton v New York State Dept. of Taxation & Fin., 80 NY2d 657, 661), to satisfy the initial criterion to entitle it to a preliminary injunction of the administrative hearing on its tax liabilities. Moreover, without an injunction, plaintiff would be forced to defend the administrative proceeding to its conclusion even though a judgment in the within action has the potential to render the administrative proceeding unnecessary. Under the circumstances, the IAS Court's conclusion that plaintiff faced irreparable harm and was favored by a balancing of the equities was not an abuse of discretion (see, Gambar Enters. v Kelly Servs., 69 AD2d 297, 306).

We have considered defendants' remaining arguments and find them to be without merit. Concur—Carro, J. P., Ellerin, Rubin, Nardelli and Tom, JJ.