■ RICK J. JARVIS ASSOCIATES, INC., Appellant, v DAVID STOTLER, Respondent. [627 NYS2d 810] —White, J. Appeal from an order of the Supreme Court (Dier, J.), entered April 19, 1994 in Warren County, which denied plaintiff's motion for a preliminary injunction.

Plaintiff, an insurance agency, hired defendant to work as a sales agent on or about March 1, 1991, at which time both parties entered into a contract which provided, *inter alia*, that

upon defendant's termination of employment or separation, he would not directly or indirectly solicit or accept business from any insured of plaintiff, and that plaintiff would purchase defendant's "Book of Business". Defendant also agreed that he would not take, retain or use any customer lists or any other confidential information belonging to plaintiff for a period of five years. There were no restrictions on defendant's ability to solicit or accept insurance from others who were neither insureds of plaintiff nor part of defendant's "Book of Business" which would be purchased by plaintiff.

On July 1, 1993, defendant advised plaintiff of his intent to terminate his employment, giving six months' notice, and he left the employ of plaintiff on or about January 1, 1994. Under the terms of the contract it was agreed that plaintiff would purchase defendant's "Book of Business" for approximately $157,000, payable in 84 equal monthly installments.

Plaintiff contends that defendant has been soliciting and/or accepting business from individuals whose names appear in either plaintiff's or defendant's "Book of Business", and commenced this action for money damages while moving for a temporary restraining order and preliminary injunction, while defendant counters that plaintiff breached the employment agreement by failing to pay commissions to him during the last six months of his employment. After granting a temporary restraining order, Supreme Court denied plaintiff's request for a preliminary injunction and vacated the temporary restraining order.

It is the general rule that a preliminary injunction is a drastic remedy and should be issued cautiously (see, Uniformed Firefighters Assn. v City of New York, 79 NY2d 236, 241). A preliminary injunction may be granted when there is a likelihood of ultimate success on the merits, a prospect of irreparable injury if the relief is withheld and a balancing of the equities favoring the moving party, and is a matter ordinarily committed to the sound discretion of the trial court (see, Doe v Axelrod, 73 NY2d 748).

Therefore, before granting a preliminary injunction the party seeking the relief must demonstrate a strong probability of ultimate success and thus a clear right to the relief sought (see, Smith v Robilotto, 25 AD2d 454), particularly in a proceeding to enforce a restrictive covenant against a former employee (see, Cool Insuring Agency v Rogers, 125 AD2d 758, appeal dismissed 69 NY2d 1037).

The underlying complaint in this action requests money damages and, other than conclusory statements and copies of

two innocuous advertisements placed by defendant in a local newspaper, which indicate, without any reference to plaintiff, that defendant is now working for another insurance agency, no proof has been offered showing any breach of the employment agreement by defendant, or use by him of any of plaintiff's customer lists, trade secrets or other confidential information. Further, in his answering affidavit defendant categorically denies any such use.

Based on the record before us, it appears that there are issues of fact as to plaintiff's ultimate likelihood of success (*see, Seaman v Gines*, 83 AD2d 667). There is no evidence that defendant misappropriated trade secrets or customer lists, nor is there any showing of irreparable injury to plaintiff since monetary damages could be calculated without great difficulty if defendant has obtained business from plaintiff's confidential lists (*see, Modern Telecommunications v Zimmerman*, 140 AD2d 217; *Shannon Stables Holding Co. v Bacon*, 135 AD2d 804).

Therefore, based on the record before us, we find no unusual or compelling circumstances or evidence of an abuse of discretion which would require us to disturb the determination made by Supreme Court (*see, Doe v Axelrod, supra; After Six v 201 E. 66th St. Assocs.*, 87 AD2d 153, *appeal dismissed* 57 NY2d 835).

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.