■ ADIRONDACK PARK AGENCY, Appellant, v HUNT BROTHERS CONTRACTORS, INC., et al., Respondents. [651 NYS2d 634] —Peters, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered March 14, 1996 in Hamilton County, which, *inter alia*, denied plaintiff's cross motion for a preliminary injunction.

Facts relevant to this proceeding are fully set forth in *Matter of Hunt Bros. Contrs. v Glennon* (214 AD2d 817). There, we dismissed, as time barred, defendants' challenges to, *inter alia*, various conditions, including measures aimed at noise abatement, imposed by the permit issued by plaintiff authorizing the expansion of defendants' concrete batching plant and associated rock crushing operation.* Not dismissed in that proceeding was a challenge to the organization of plaintiff and the fairness of its administrative appeal and reconsideration process (*supra*, at 819, n 5).

Plaintiff thereafter commenced this action, pursuant to Executive Law § 813, seeking civil penalties and injunctive relief to enforce the noise abatement condition detailed in the permit it issued. In March 1995 defendants made a motion to dismiss, followed by plaintiff's cross motion filed in April 1995 for a preliminary injunction. Eight months later, by decision dated January 4, 1996, Supreme Court not only denied the relief requested by defendants, but also denied the issuance of a preliminary injunction, notwithstanding its finding that plaintiff

---

* Aside from that proceeding, there was a second proceeding similarly challenging, *inter alia*, the conditions imposed by the permit. That proceeding was dismissed on the grounds of res judicata (*see, Matter of Hunt Bros. Contrs. v Glennon*, 218 AD2d 862).

had shown a likelihood of success on the merits and the existence of irreparable harm caused by the noise and dust affecting neighboring property owners. The determination not to grant injunctive relief was based upon Supreme Court's reasoning that it was the ultimate relief sought, obtained without the inconvenience of a trial, and that in balancing the equities they became "evenly divided" when viewing the impact upon the neighborhood with the impact of unemployment.

We reverse. Mindful that a determination on a motion for a preliminary injunction is a matter left to the trial court's sound discretion, it may only be disturbed on appeal if an abuse is found (*see, Town of Esopus v Fausto Simoes & Assocs.*, 145 AD2d 840, 841). To consider the viability of the cause of action remaining in another proceeding is, in our opinion, a thinly veiled attempt to subvert the granting of statutorily sanctioned relief, especially when it is within plaintiff's sole discretion whether reconsideration will be granted (*see,* 9 NYCRR 572.22 [b]).

We further disagree with Supreme Court's determination that the equities were "evenly divided" when plaintiff's express legislative purpose is to "benefit all of the people of the state" (Executive Law § 801). "[Plaintiff] is charged with an awesome responsibility and the Legislature has granted it formidable powers to carry out its task" (*Matter of Long v Adirondack Park Agency*, 76 NY2d 416, 421; *see,* Executive Law art 27). Within such power, plaintiff is granted statutory authorization to seek injunctive relief to prevent or abate violations of its rules and regulations (*see,* Executive Law § 813 [2]). What has emerged is the absence of any requirement to " 'show[ ] * * * special damage[s] or injury to the public * * * as a condition to injunctive relief, commission of the prohibited acts being sufficient' " (*State of New York v Brookhaven Aggregates*, 121 AD2d 440, 442, quoting *Town of Islip v Clark*, 90 AD2d 500, 501; *see, City of Albany v Feigenbaum*, 204 AD2d 842, *lv dismissed* 84 NY2d 850; *Matter of Town of Sullivan v Strauss*, 171 AD2d 980). It is uncontested that defendants have not complied with the noise abatement condition which had authorized them to continue their operations so long as specific steps were undertaken by October 1, 1993. With all challenges to the inclusion of such condition in this permit now foreclosed, the failure to grant the preliminary injunction, under these circumstances, constitutes an abuse of discretion. Even acknowledging that the determination as to "whether immediate relief * * * should be extended is still a matter governed by equitable principles" (*Town of Esopus v Fausto Simoes & Assocs.*,

145 AD2d 840, 842, *supra*), we find nothing in the record detailing the reasons for defendants' noncompliance.

Accordingly, we reverse so much of Supreme Court's order as denied plaintiff's cross motion for a preliminary injunction.

Mikoll, J. P., Casey and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the cross motion; cross motion granted; and, as so modified, affirmed.