■ E. LEE HUFF et al., Respondents, v C.K. SANITARY SYSTEMS, INC., Appellant. [667 NYS2d 766] —Spain, J. Appeal from an order of the Supreme Court (Williams, J.), entered April 16, 1997 in Saratoga County, which, inter alia, granted plaintiffs' motion for a preliminary injunction.

Plaintiffs are homeowners who purchased homes in a planned residential development in the Town of Clifton Park, Saratoga County, known as Country Knolls South, developed by Robert Van Patten, Sr. in the 1970s. The local law approving the development required that it be serviced by a central sewage collection system that would be subject to State approval and run by a private transportation corporation. Van Patten, Sr. arranged for a sewage transportation corporation he owned and operated, known as Clifton Knolls Sewage Disposal, Inc. (hereinafter CKSD), to dispose of sewage from the development; CKSD was also authorized to charge sewer rents. Sewage grinder pumps were installed in the houses in the development as part of a pressurized sewer system, as opposed to a conventional gravity-fed sewage system. There is evidence in the record to support plaintiffs' assertion that Van Patten, Sr., now deceased, represented to prospective buyers that his sewage company would be responsible for maintaining the grinder pumps at no cost to the homeowners. Thereafter, CKSD maintained, repaired and replaced the grinder pumps as needed at no cost to the homeowners.

In 1991 defendant, run by Robert Van Patten, Jr., took over the central sewage collection system and continued to maintain, repair and replace the grinder pumps as needed at no cost to the homeowners. However, in November 1996 defendant informed all the homeowners that effective January 1, 1997 it would no longer continue to "gratuitously" maintain the pumps. Plaintiffs commenced the instant action requesting a declaratory judgment determining, inter alia, that defendant owns the

grinder pumps and has a duty to timely maintain, repair and replace them. Plaintiffs also requested an injunction enjoining defendant from imposing alleged de facto rate increases in violation of Transportation Corporations Law article 10. In lieu of an answer defendant, citing the Statute of Frauds, moved for an order dismissing the complaint pursuant to CPLR 3211 (a) (5). Thereafter, plaintiffs, by order to show cause, sought a preliminary injunction.

In support of its motion, defendant denied owning the grinder pumps and alleged that the previous gratuitous services were originally the result of an oral agreement between Van Patten, Sr. and the homeowners, and that the services continued as a voluntary accommodation to the Clifton Park Town Board. Defendant asserted that any agreement such as that alleged by plaintiffs would be void because the obligation is perpetual in duration (*see*, General Obligations Law § 5-701 [a] [1]). Supreme Court denied defendant's motion to dismiss and ordered it to serve an answer. The court also granted plaintiffs' request for a preliminary injunction and ordered that upon plaintiffs' filing an undertaking of $50,000, defendant was preliminarily enjoined from imposing an increase in the sewer rents, collecting a fee for maintaining the grinder pumps or refusing to timely maintain the sewer system, including the grinder pumps. Such undertaking was filed and defendant now appeals.

We affirm. Initially, we conclude that Supreme Court correctly denied defendant's motion to dismiss because the Statute of Frauds (General Obligations Law § 5-701) defense asserted by defendant does not apply to plaintiffs' causes of action. Plaintiffs' complaint alleges that defendant was obligated by statute to maintain the pumps; more specifically, plaintiffs rely upon the Transportation Corporations Law, the General Municipal Law and Local Laws of the Town of Clifton Park. Plaintiffs' causes of action do not sound in contract but rather are based upon defendant's attempts to impose what plaintiffs characterize as a de facto sewer rent increase without complying with procedural formalities which require, *inter alia*, that defendant make formal application to the Town Board (*see*, Transportation Corporations Law § 121) and describe "the sewer system or the part or parts of the sewer system for which rents shall be established and imposed" (General Municipal Law § 452 [5] [a]).

Next, it is well settled that "in order to be entitled to a preliminary injunction, plaintiffs had to show a probability of success, danger of irreparable injury in the absence of an injunc-

tion, and a balance of the equities in their favor" (*Aetna Ins. Co. v Capasso*, 75 NY2d 860, 862; *see, Doe v Axelrod*, 73 NY2d 748; *Kensington Ct. Assocs. v Gullo*, 180 AD2d 888, 889). Furthermore, "a motion for a preliminary injunction is a matter left to the trial court's sound discretion * * * [and] may only be disturbed on appeal if an abuse is found" (*Adirondack Park Agency v Hunt Bros. Contrs.*, 234 AD2d 737, 738; *see, Jarvis Assocs. v Stotler*, 216 AD2d 649, 650; *GTE Spacenet Corp. v New York State Dept. of Taxation & Fin.*, 201 AD2d 429; *Town of Esopus v Fausto Simoes & Assocs.*, 145 AD2d 840, 841). Here, we find no basis to disturb Supreme Court's determination. The record reveals that irreparable injury is probable due to the serious risk of health hazards in the event a single plaintiff is unable to fix and/or repair a grinder pump; the cost of grinder pump repairs could exceed $1,000 and a new grinder pump may cost upwards of $2,500.

Further, we conclude that plaintiffs have set forth a probability of success on the merits. In our view, plaintiffs' assertion that defendant will be imposing an illegal sewer rent increase has merit (*see, Transit Commn. v Long Is. R. R. Co.*, 248 App Div 749, *affd* 272 NY 27). Notably, there is evidence in the record to support the conclusion that the cost of maintaining the entire sewer system over the years, including the repair and replacement of plaintiffs' grinder pumps, has been borne by defendant and its predecessor through sewer rents collected from all of the homeowners connected to its system, including plaintiffs. In balancing the equities, the injunction merely maintains what appears to have been the status quo for approximately 24 years, namely, that the sewer transportation corporation collecting sewer rent for the Clifton Knolls South development continues to maintain the grinder pumps at no additional cost to the homeowners.

Accordingly, we conclude that, until such time as all of the issues are resolved at trial, or otherwise, the preliminary injunction was a proper exercise of Supreme Court's discretion, especially in light of the adequate protection afforded defendant by the undertaking ordered and approved by the court.

Mikoll, J. P., Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.