■ E. LEE HUFF et al., Respondents-Appellants, v C. K. SANITARY SYSTEMS, INC., Appellant-Respondent. (And Three Other Related Actions.) [688 NYS2d 801] —Spain, J. Cross appeals from an order and judgment of the Supreme Court (Williams, J.), entered June 26, 1998 in Saratoga County, which, *inter alia*, granted plaintiffs' motions for summary judgment in the four actions.

The individual plaintiffs are homeowners in residential planned developments[1] in the Towns of Clifton Park and Malta, Saratoga County developed by Robert Van Patten, Sr., now deceased, and other developers in the 1970s. When plaintiff Town of Clifton Park (hereinafter the Town) and the Town of Malta approved the developments by local law and ordinance, they required that the developments be serviced by a central sewage collection system to be run by a private transportation corporation. Following and pursuant to those approvals, low-pressure sewer systems, rather than traditional gravity-driven sewage systems, were built to service each of the developments. As part of the pressurized centralized sewer system, sewage grinder pumps were installed in all of the houses in these developments to pulverize the waste generated therein and pump it into the developments' centralized sewer systems.

---

1. The developments are Country Knolls South and Evergreen Estates, located in the Town of Clifton Park, and Country Knolls North and Hearthwood Estates, located in the Town of Malta.

Defendant's predecessor owned and maintained the pressurized sewer systems until 1991 when defendant took over their ownership.

It is uncontroverted that since the developments were built in the 1970s, defendant and its predecessors exclusively maintained, repaired and replaced the grinder pumps as part of its operation and maintenance of the pressurized sewer systems, and at no cost to the homeowners or towns separate from the $9 monthly sewer rent paid by the homeowners to defendant and approved by the Town.[2] However, in November 1996, defendant informed all the homeowners that it would no longer continue to "gratuitously" maintain the grinder pumps as it claimed it had been doing. Plaintiffs commenced these declaratory judgment actions requesting a declaration that defendant owns the grinder pumps and has a statutory duty pursuant to Transportation Corporations Law article 10 to timely maintain, repair and replace them at no cost separate from the established sewer rents. Plaintiffs also requested an injunction enjoining defendant from imposing a de facto rate increase by charging homeowners for grinder pump repairs, maintenance or replacement without obtaining the necessary Town approvals for rate increases as required by article 10. Plaintiffs further sought restitution. The Town also commenced an action seeking essentially the same relief.

Thereafter, Supreme Court denied defendant's motion to dismiss the complaints based upon the Statute of Frauds, and granted plaintiffs in each action preliminary injunctions enjoining defendant from imposing any increase in the sewer rents and from collecting fees for maintaining the grinder pumps or refusing to timely maintain the sewer systems including the grinder pumps. This Court affirmed the preliminary injunction issued to the Clifton Knolls South plaintiffs (*see*, 246 AD2d 795). We rejected defendant's Statute of Frauds defense as inapplicable to plaintiffs' complaint which was premised upon defendant's statutory obligations to maintain the pumps, and not upon claims sounding in breach of contract (*id.*, at 796-797).

The four declaratory judgment actions were consolidated, and plaintiffs' actions were certified as class actions. Defendant answered and thereafter moved for summary judgment against the Town, and plaintiffs moved for summary judgment against

---

**2.** It is not clear from this record whether the Town of Malta ever formally approved this sewer rent fee. It is undisputed that the plaintiff homeowners in the Town of Malta have always paid this fee to defendant and its predecessor.

defendant; all parties then cross-moved against the respective moving party. Supreme Court, concluding that defendant was the owner of the grinder pumps which are connected to and part of the pressurized sewer systems owned and maintained by defendant, granted plaintiffs' and the Town's motions for summary judgment and denied defendant's motions. The court directed defendant to continue to maintain, repair and replace the grinder pumps; enjoined defendant from charging fees for these services without Town approval; directed defendant to make restitution to residents who incurred expenses for these services since defendant's letter of November 1, 1996; and, without explanation, denied plaintiffs' request for counsel fees pursuant to CPLR 909. Defendant now appeals the summary judgment rulings and plaintiffs appeal from the denial of counsel fees.

The determinative issue on appeal is whether Supreme Court correctly ruled, as a matter of law, that defendant is the owner of the grinder pumps, which we answer in the affirmative. Defendant is indisputably a sewage works corporation organized and authorized since 1991, *inter alia,* to operate and maintain the pressurized sewer systems in these developments at established rates (*see,* Transportation Corporations Law § 115 [1]; § 122). As such, it has the duty to supply the Towns where it operates with facilities for waste disposal at "fair, reasonable and adequate rates" approved by the respective Town Boards (*see,* Transportation Corporations Law § 121; *see also, Salem Hills Sewage Disposal Corp. v Village of Voorheesville,* 80 AD2d 479), and has a duty to maintain and operate the sewage systems, unless the systems are abandoned or service is discontinued, in which event the Towns have the right to take title to the stock of the sewage works corporation and maintain and operate the systems or to authorize another corporation to do so (*see,* Transportation Corporations Law § 119; *see also, Town of Clifton Park v Rivercrest Sewerage Disposal Corp.,* 81 AD2d 982; *Town of Clifton Park v Rivercrest Sewage Disposal Corp.,* 96 Misc 2d 122). Transportation Corporations Law article 10 broadly defines a sewer system as "all sewer pipes and other appurtenances which are used or useful in whole or in part in connection with the collection, treatment or disposal of sewage" (Transportation Corporations Law § 115 [2]).

Plaintiffs submitted unrefuted evidence from the grinder pump supplier and employees who repaired the grinder pumps that the grinder pumps are an indispensable component of the centralized pressurized sewage systems owned and maintained by defendant. Plaintiffs submitted the affidavit of a licensed

professional engineer explaining that the grinder pumps are an integral part of these low pressure sewage systems, and that the grinder pumps must be maintained and appropriate individual replacements installed at each location by the sewer company to ensure the continued and proper operation of the entire system pursuant to its overall design and requirements. Indeed, defendant's owner and president, Robert Van Patten, Jr., conceded that "[w]ithout the [grinder] pump, the sewer disposal system within the home would not operate". Thus, the record contains compelling, uncontroverted evidence that the grinder pumps are part of the sewer systems owned and operated by defendant (see, Transportation Corporations Law § 115 [2]).

Supreme Court's conclusion regarding defendant's ownership of the grinder pump is bolstered by the evidence in the record, also unrefuted, that for approximately 24 years defendant (or its predecessor) exclusively, and at no cost to the homeowners aside from sewer rents, maintained the entire system including the grinder pumps. Notably, defendant (or its predecessor) replaced the grinder pumps when needed without charge to the homeowners; retained malfunctioning pumps which defendant often rebuilt and reused in other connected homes, never giving the homeowner the option to keep the old pumps; and retained the manufacturers' warranties thereto. The homeowners were precluded from using outside services to repair or replace the grinder pumps, and defendant acknowledged that it used the sewer fees collected from the homeowners to furnish these grinder pump services.

Defendant's ownership of the grinder pumps was further substantiated by plaintiffs' evidence that the subdivision developers and their agents and former repair employees had repeatedly and consistently made representations to them as prospective buyers and as homeowners to that effect. These representations included that the sewage company owned the grinder pumps and would be responsible for maintaining and replacing them at no cost other than the sewer fees. As noted, these assurances were consistent with the conduct of defendant and its predecessor for over two decades.

We agree with defendant's contention that Supreme Court, in granting plaintiffs' motion for summary judgment, was prohibited under the Dead Man's Statute from relying on plaintiffs' affidavits setting forth representations made by the deceased, Van Patten, Sr. —from whom defendant derived title to the sewer system—regarding his ownership of the grinder pumps (see, CPLR 4519; *Matter of Wood v Purzycki*, 52 NY2d

139, 144; *Phillips v Kantor & Co.*, 31 NY2d 307, 315). While defendant partially waived the protection of that rule by submitting a responsive affidavit of Van Patten, Jr. which made reference to a 1985 affidavit of the deceased denying ownership of the grinder pumps, defendant at most opened the door to evidence pertaining to the deceased's affidavit; clearly, defendant did not open the door to plaintiffs' proffer of evidence of the deceased's separate representations to them regarding ownership (*see, Matter of Wood, supra*, at 145; *Matter of Miller*, 97 AD2d 581, 582). However, Supreme Court properly relied on the affidavits of the deceased's former employee and those portions of the homeowners' affidavits attesting to the deceased's agents' representations to them regarding grinder pump ownership (*see, McCarthy v Stanley*, 151 App Div 358, 360; *see also, Warth v Kastriner*, 114 App Div 766, 768-769). In view of the other substantial and unrefuted admissible evidence on this issue, any reliance on plaintiffs' inadmissible evidence was harmless and does not warrant a reversal or remittal.

We reject defendant's assertion that title to and ownership of the grinder pumps passed to the homeowners through boilerplate conveyances of "appurtenances" in the property deeds and through the reference to "pumps" and "appurtenances" as property in the purchase contracts. Defendant failed to submit any proof to refute the evidence that the grinder pumps, to which no reference was made in these documents, have always been integral appurtenances to the sewer systems it owns within the meaning of Transportation Corporations Law § 115 (2). Also, defendant failed to demonstrate that the owners of the sewer systems and grinder pumps were the sellers of these homes or even parties to the purchase contracts with the authority to convey title to the grinder pumps. Defendant's conclusory assertions and unsubstantiated allegations were insufficient to raise a triable issue of fact on the issue of grinder pump ownership so as to defeat plaintiffs' and the Town's motions for summary judgment (*see, Zuckerman v City of New York*, 49 NY2d 557, 562).

Having correctly determined as a matter of law that defendant owns the grinder pumps as part of its sewer systems, Supreme Court properly declared that defendant has a continuing statutory obligation to repair, maintain or replace them pursuant to Transportation Corporations Law article 10, and properly enjoined defendant from charging additional fees for these services without Town approval. Defendant's remedy for its claim that the $9 monthly sewer rate is inadequate to cover maintenance costs is to petition the local governing body of the

respective Towns for rate increases pursuant to Transportation Corporations Law § 121. Defendant is entitled to rates which are "fair, reasonable and adequate" (Transportation Corporations Law § 121) and may not be denied a reasonable rate of return on its investment (*see, Matter of Heritage Hills Sewage Works Corp. v Town Bd.*, 245 AD2d 450, 454; *see also, Matter of Crescent Estates Water Co. v Public Serv. Commn.*, 77 NY2d 611, 620). The Towns' rate determinations are reviewable under CPLR article 78 (*see, Bennett Rd. Sewer Co. v Town Bd.*, 243 AD2d 61).

Finally, we cannot say that Supreme Court abused its discretion in denying plaintiffs' application for counsel fees under CPLR 909. Although there is no reason articulated by Supreme Court for its denial, our review of the record supports the same conclusion as this action has not resulted in a cash award or the creation of a fund from which counsel fees might be recovered such as in consumer or civil rights class actions; nor can we characterize defendant's conduct as so extreme, oppressive or vexatious that justice cries out for counsel fees (*see, Sternberg v Citicorp Credit Servs.*, 110 Misc 2d 804, 809; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C909:1, at 348-349; 3 Weinstein-Korn-Miller, NY Civ Prac ¶ 909.03). This is especially so where, as here, plaintiffs and those similarly situated have been largely protected by the preliminary injunction issued by Supreme Court.

Cardona, P. J., Mikoll, Crew III and Graffeo, JJ., concur. Ordered that the order and judgment is affirmed, with costs.