Appeal from an order of the Supreme Court, Erie County (Rose H. Sconiers, J.), entered October 2, 2007. The order, inter alia, granted plaintiff a limited preliminary injunction.
It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
Memorandum: Rockingham Estates, LLC (defendant) is the owner and developer of a residential subdivision consisting of 61 lots. Plaintiffs Planning Board approved the final subdivision plat (final plat) submitted by defendant, which defendant then filed. Thereafter, plaintiffs engineer sent a letter to defen *1299 dant asking it to amend and file the final plat (amended plat) to indicate that a 30-foot sanitary sewer easement was a public easement rather than a private easement as depicted on the final plat. When defendant failed to do so, plaintiff commenced this action seeking a declaration that defendant’s final plat was null and void. Plaintiff also sought an order directing defendant to file the requested amended plat and to convey the easement to plaintiff. Thereafter, plaintiff by order to show cause sought a preliminary injunction seeking to enjoin defendant from selling or conveying any lots in the subdivision, and defendant by order to show cause sought to vacate the notice of pendency filed by plaintiff. Defendant also thereafter moved for summary judgment dismissing the complaint based on plaintiffs failure to join one or more necessary parties or, in the alternative, defendant sought an order directing plaintiff to amend the summons and complaint to add those necessary parties. By the order in appeal No. 1, Supreme Court, inter alia, granted plaintiff only a limited preliminary injunction and ordered plaintiff to continue processing applications for building permits and certificates of occupancy for certain lots. By the order in appeal No. 2, the court, inter alia, directed that the notice of pendency shall be vacated. By the order in appeal No. 3, the court granted defendant’s motion by directing plaintiff to amend the summons and complaint to add the necessary parties. Plaintiff appeals from the three orders.
We conclude with respect to the order in appeal No. 1 that the court properly granted plaintiff only a limited preliminary injunction, enjoining defendant only from selling during the pendency of the action, the lots over which the private sanitary sewer easement was located. For a town to obtain preliminary injunctive relief for an alleged violation of its zoning ordinances, it must demonstrate “a likelihood of ultimate success on the merits, and that the equities are balanced in its favor” (Town of Southampton v Sendlewski, 156 AD2d 669, 669 [1989]; see also Town of Esopus v Fausto Simoes & Assoc., 145 AD2d 840, 841-842 [1988]). Here, we conclude that plaintiff did not establish that the balance of equities were in its favor inasmuch as there is no prejudice to plaintiff by awaiting an adjudication on the merits (see Town of Esopus, 145 AD2d at 842). Defendant, however, would suffer harm in the event that the court granted the preliminary injunction sought by plaintiff in its entirety, because defendant would be unable to sell its lots.
We conclude with respect to the order in appeal No. 2 that the court properly directed that the notice of pendency filed by plaintiff shall be vacated. With respect to the order in appeal *1300 No. 3, however, we agree with plaintiff that the court erred in granting defendant’s motion by directing plaintiff to amend the summons and complaint to name all necessary parties to the action. If plaintiff prevails in this action, defendant will be required to convey the sanitary sewer easement to plaintiff and to file an amended plat depicting the public sanitary sewer easement. Thus, the only parties impacted by the relief sought by plaintiff are defendant and the owners of lots five and six, over which the easement extends, and those owners have already been named as defendants herein. Plaintiffs remaining contention concerning the statement of the court that it would “consider” an award of attorneys’ fees is not ripe for our review (see City of Plattsburgh v Borner, 38 AD3d 1047, 1049-1050 [2007]). Present — Centra, J.P., Fahey, Peradotto, Green and Gorski, JJ.